UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, <br><br> and <br><br> BRSI, L.P. d/b/a BENEFIT RECOVERY SPEACIALISTS, <br><br> Plaintiffs, <br><br> v. <br><br> Todd Hicks, <br><br> and <br><br> LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639, <br><br> and <br><br> LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 d/b/a LOCAL 639 – Employer's Helath Trust Fund 3100 Ames Place, NE Washington, DC 20018, <br><br> Defendants. | No.: |

## DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST FUND NOTICE OF REMOVAL

Defendant Teamsters Local 639 – Employers Health Trust Fund (the "Defendant Fund"), pursuant to 28 U.S.C. §§ 1441 and 1446, and by and through its undersigned

counsel, hereby gives notice of the removal of this action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia. As grounds for removal, the Defendant Fund states the following:

1. Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc. commenced an action against Defendant Todd Hicks, individually, and on behalf of Todd Hicks, Jr., deceased ("Defendant Hicks") and Defendant Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 (the named "Local 639 Defendant") by filing an Original Complaint in the Superior Court of the District of Columbia, Civil Action No. 00-0000172, on or about January 12, 2006.

2. Plaintiffs' Original Complaint purports to assert state law claims of breach of contract, breach of duty of good faith and fair dealing, quantum meruit, and misrepresentation and/or fraud against one or both of the two named defendants in the Original Complaint, as a result of medical services that the Children's National Medical Center rendered to Todd Hicks, Jr., son and dependent of Defendant Hicks.

3. The Defendant Fund is not named as a defendant in the Original Complaint. See Plaintiffs' Original Complaint, attached as Exhibit A.

4. On or about February 3, 2006, Plaintiffs filed in Superior Court a First Amended Complaint purporting to add the Defendant Fund as a party to the case, together with a "Motion to Amend Complaint to Add a New Defendant and Cause of Action." See First Amended Complaint and Motion to Amend Complaint to Add a New Defendant and Cause of Action, attached as Exhibit B. Plaintiffs served the First

2

Amended Complaint on counsel for the Defendant Fund on February 6, 2006. See Praecipe, attached as Exhibit C.

5. Even though counsel for the Defendant Fund notified Counsel for Plaintiffs in advance of the filing of the First Amended Complaint that the Defendant Fund's correct legal name is the "Teamsters Local 639 – Employers Health Trust Fund" and that the Defendant Fund is a separate legal entity from Local 639, the First Amended Complaint nevertheless incorrectly identifies the Defendant Fund through the designation "Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters Local 639 d/b/a Teamster's Local 639 – Employer's Health Trust Fund."

6. The Defendant Fund is an "employee welfare benefit plan," as defined in § 3(l) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(l). Because Plaintiffs seek payments from the Defendant Fund for medical services rendered to Todd Hicks, Jr., son and dependent of Fund participant Defendant Hicks, Plaintiffs' claims against the Defendant Fund are effectively claims for benefits from an ERISA-covered employee welfare benefit plan.

7. Accordingly, Plaintiffs' state law claims against the Defendant Fund are completely preempted by operation of Section 514 of ERISA, 29 U.S.C. § 1144.

8. Section 514 of ERISA, 29 U.S.C. § 1144, states that the provisions of ERISA shall supercede "*all State laws*" that relate to employee benefit plans (with certain exceptions not applicable here), making ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the exclusive remedy for plaintiffs who seek to recover benefits from an employee welfare benefits plan. (Emphasis added). See e.g., Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)("[A]ny state-law cause of action that duplicates, supplements,

3

or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

9. Pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e), the district courts of the United States have jurisdiction over claims for benefits from ERISA-covered employee welfare benefits plans. Pursuant to Section 502(f) of ERISA, 29 U.S.C. § 1132(f), the district courts of the United States have jurisdiction, without respect to the citizenship of the parties or the amount in controversy, to grant relief under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Further, pursuant to 29 U.S.C. § 1331, the district courts have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10. The District Court, therefore, has original jurisdiction over this matter pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

11. Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." Therefore, this case may be removed to the District Court by the Defendant Fund. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (removal is proper where ERISA completely preempts plaintiff's state law claims).

12. Plaintiffs' claims against Defendant Hicks and the Local 639 Defendant are premised upon state law. However, the only claim against the Defendant Fund that can survive the preemptive effect of Section 514 of ERISA is a re-characterized claim for benefits under Section 502(a)(1)(B) of ERISA. In other words, Plaintiffs' state law

4

claims against Defendant Hicks and the Local 639 Defendant are "separate and independent" of a re-characterized federal claim against the Defendant Fund. Pursuant to 28 U.S.C. § 1441(c), "[w]henever a separate and independent reason or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein...." Therefore, this case may be removed to the District Court by the Defendant Fund without the consent of the other named defendants.

13. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because thirty days have not elapsed since the Defendant Fund was served with the First Amended Complaint.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being forwarded to the Superior Court of the District of Columbia.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiffs, Defendants Hicks and the named Local 639 Defendant on this date.

16. The undersigned is counsel for the Defendant Fund and is duly authorized to effect removal on behalf of the Fund.

WHEREFORE, Defendant Teamsters Local 639 – Employers Health Trust Fund respectfully requests that this action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia and that all

proceedings hereinafter in this matter take place in the United States District Court for the District of Columbia.

Date: February 22, 2006

Respectfully submitted,

_/s/ Donald L. Havermann_

Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (Admitted 02/03/06, but D.C. Bar No. not yet assigned)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.739.5072 (Telephone)
202.739.3001 (Facsimile)

Attorneys for Defendant Teamsters Local 639 – Employers Health Trust Fund

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on this 22nd day of February 2006, that a copy of the foregoing Defendant Teamsters Local 639 – Employers Health Trust Fund's Notice of Removal was served on the following by the means indicated:

Via Certified Mail, Return Receipt Requested:

Todd Hicks
1011 Red Maple View Terrace
Churchton, MD 20733

Defendant Hicks

Via First Class Mail, postage pre-paid:

L. Bradley Hancock
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002

Kenneth P. Kaplan
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 2006

Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.

Via First Class Mail, postage pre-paid:

Local Union No. 639, Building, Inc. d/b/a
International Brotherhood of Teamsters,
Local 639 and d/b/a Local 639
3100 Ames Place, N.E.
Washington, DC 20018

Named Local 639 Defendant

_____
Bridgit M. DePietto

1-WA/2522241.1