UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br>111 Michigan Avenue, N.W.<br>Washington, DC 20010<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br>1100 North Loop West, Suite 1000<br>Houston, Texas 77008<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED,<br>1011 Red Maple View Terrace<br>Churchton, Maryland 20733<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br>3100 Ames Place, N.E.<br>Washington, DC 20018<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br>3100 Ames Place, NE<br>Washington DC 20018<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>No. 06-0317RJL |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
## AND
## PLAINTIFFS' MOTION TO REMAND
## AND
## IN THE ALTERNATIVE, PLAINTIFFS' MOTION FOR CONTINUANCE

Pursuant to Rule 7, LCivR, Children's National Medical Center ("Children's") and Benefit Recovery Specialists, Inc. ("BRSI") (collectively "Plaintiffs") file this Opposition to Defendant Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund's ("Health Fund") Motion to Dismiss or, in the alternative, for Summary Judgment ("Defendant's Motion"). In conjunction with this Opposition, Plaintiffs file their Motion to Remand. In the alternative, Plaintiffs file a Motion for Continuance of the District Court's resolution of the Defendant's Motion. As grounds therefore, Plaintiffs submit that:

1. Plaintiffs file this Opposition, and the Brief in Support of its Opposition, subject to Plaintiffs' Motion to Remand and, in the alternative, Plaintiffs' request for a continuance.

2. The Court should remand this matter to the Superior Court for the District of Columbia because Plaintiffs' claims arise under state law. Specifically, Plaintiffs' claims under an agreement relating to service agreements the parties entered into with a managed care company, Alliance PPO, as alleged in the First Amended Complaint. These claims are not preempted by Section 514 of the Employee Retirement Income Security Act of 1974 *et seq*, "ERISA". Accordingly, pursuant to *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004), remand is appropriate.

3. Alternatively, since Defendant's Motion is properly characterized as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, Plaintiffs request a continuance pursuant to Fed.R.Civ.P. 56(f) to be able to conduct adequate discovery to respond to Defendant's Motion.

4. Alternatively, in response to Defendant's Motion relating to Defendant's claim of a bar under the applicable three (3) years statute of limitations, Defendant's Motion should be denied because limitations have not run on Plaintiffs' claims, or rule that a genuine issue of material fact exists on this issue.

5. Alternatively, in response to Defendant's Motion, Defendant's Motion should be denied pursuant to *Pascack Valley Hosp.* because Plaintiffs' claims are not preempted under ERISA.

6. Also in the alternative, to the extent the Court finds that any of Plaintiffs' claims are preempted and characterizes their breach of contract or other claims as claims under ERISA, the Court should deny Defendant's Motion regarding an alleged failure to exhaust administrative remedies because the Health Fund failed to comply with the notice requirements under ERISA relating to the alleged remedies at issue; because the Health Fund should be estopped from asserting this defense in light of its conduct; and because exhaustion of the alleged administrative remedies would be futile.

7. In further support of this Opposition, the Motion for Remand, and Motion for Continuance, the Plaintiffs rely on the accompanying Memorandum of Points and Authorities, the Declaration of Lester Poris, and the attached and incorporated Exhibits and other evidence.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
L. Bradley Hancock *(Admitted Pro Hac Vice)*
District of Columbia Bar No. 465746
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

Kenneth P. Kaplan
District of Columbia Bar No. 460614
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
(202) 261-0156 (Facsimile)

ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 13th day of March, 2006.

_____
L. Bradley Hancock