IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br>111 Michigan Avenue, N.W.<br>Washington, DC 20010<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br>1100 North Loop West, Suite 1000<br>Houston, Texas 77008<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED,<br>1011 Red Maple View Terrace<br>Churchton, Maryland 20733<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br>3100 Ames Place, N.E.<br>Washington, DC 20018<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br>3100 Ames Place, NE<br>Washington DC 20018<br><br>Defendants. | Civil Action No. 06-0317RJL |

## PLAINTIFFS' SECOND AMENDED COMPLAINT, SUBJECT TO, AND WITHOUT WAIVER, OF MOTION TO REMAND

Pursuant to Rule 15(a) & (c), D.C. Super. Ct. R., Plaintiffs', Children's National Medical Center and Benefit Recovery Specialists, Inc. (the "Plaintiffs") file this Second Amended Complaint, subject to, and without waiver, of Motion to Remand, and complains of Todd Hicks, Individually, and on behalf of Todd Hicks Jr., Deceased (collectively the "Hicks Defendant" unless noted otherwise), and Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 (the "639 Defendant"), and Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund ("639 Health Fund") and Sheila Sesker, Individually, and on behalf of Todd Hicks Jr., Deceased (collectively the "Sesker Defendant" unless noted otherwise), and for causes of action shows the following:

### I. PARTIES

1. Plaintiff Children's National Medical Center, a hospital in the District of Columbia, is a corporation, organized and existing under the laws of the District of Columbia.

2. BRSI, L.P., d/b/a Benefit Recovery Specialists. is a Texas Limited Partnership doing business in the District of Columbia.

3. The Hicks Defendant, Todd Hicks, individually and on behalf of Todd Hicks Jr., deceased, upon information or belief, reside or resided at 1011 Red Maple View Terrace, Churchton, Maryland 20733.

4. The 639 Defendant, Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639, a local unit of the International Brotherhood of Teamsters, a national union, is organized and existing under the laws of the

District of Columbia and other jurisdictions and is actively engaged in business in the District of Columbia.

5.  The 639 Defendant, Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters Local 639 and d/b/a Local 639, a local unit of the International Brotherhood of Teamsters, a national union, has established an employee health fund which, upon information and belief, does business in the District of Columbia under the name Local 639 - Employer's Health Trust Fund at the same address as the other 639 Defendant[1].

6.  The Sesker Defendant, Sheila Sesker, individually and on behalf of Todd Hicks Jr., deceased, upon information or belief, resides or resided at 1057 Marlboro Road, Lothian, Maryland 20711. Service or process on the Sesker Defendant is requested at this time.

## II. JURISDICTION/VENUE

7.  Jurisdiction is proper in this Court because the parties entered into a contract in the District of Columbia, services under the contract were provided in the District of Columbia, and the amount in controversy exceeds $5,000. D.C. Code § 11-921.

8.  The Court has jurisdiction over defendant Hicks because he entered into a contract for services and caused tortious injury in the District of Columbia. *See* D.C. Code § 13-423. Defendant Hicks is subject to service of process under Long Arm Statute. *See* D.C. Code § 13-424.

9.  The Court has jurisdiction over the 639 Defendant because it is organized under the laws of and maintains its principal place of business in the District of Columbia. D.C. Code § 13-422. Further, the 639 Defendant entered into a contract for services in the District of Columbia and caused tortious injury in the District of Columbia. The 639 Defendant is subject

---

[1] The 639 Health Fund (either separately or as a d/b/a and/or alter ego of the 639 Defendant) does business in the District of Columbia and can be served through process delivered to its agent, Mr. Winters, as indicated below.

to service of process in the District of Columbia through its registered agent, Phillip A. Feaster, at 3100 Ames Place N.E., Washington, D.C. 20018. *See* D.C. Code § 13-422; *see also* D.C. Code § 13-423.

10. The Court has jurisdiction over the 639 Health Fund because it is doing business in the District Columbia either separate from or as the d/b/a and/or alter ego of the 639 Defendant. The 639 Defendant and the 639 Health Fund, entered into a contract for services in the District of Columbia and caused tortious injury in the District of Columbia. The 639 Health Fund, like the 639 Defendant, is subject to service of process in the District of Columbia through the 639 Defendant's registered agent, [we will have Winters here based on the attorney's representation and the fact that he was served earlier, although his attorney contends that he is the agent for the fund] Phillip A. Feaster, at 3100 Ames Place N.E., Washington, D.C. 20018. *See* D.C. Code § 13-422; *see also* D.C. Code § 13-423.

11. The Court has jurisdiction over defendant Sesker because she entered into a contract for services and caused tortious injury in the District of Columbia. *See* D.C. Code § 13-423. Defendant Sesker is subject to service of process under Long Arm Statute. *See* D.C. Code § 13-424.

12. Venue is proper in the Superior Court for the District of Columbia on the grounds that there is no single venue applicable to all defendants and the cause of action arose in the District of Columbia, which is the location of Children's National Medical.

### III. FACTS

13. On or about January 12, 2003, Todd Hicks, Jr. was in a serious automobile accident. Todd Hicks, Jr. entered Children's National Medical Center for medical care relating to his injuries. Todd Hicks, Jr. remained in the hospital from January 12, 2003 until his death,

which occurred on or about January 14, 2003. Throughout this period, at the special request of the Defendants, Children's National Medical Center provided necessary medical care, services, and goods to Todd Hicks, Jr. in connection with his care and treatment in accordance with a Service Agreement (the "Alliance/MAMSI Agreement") in place for Children's Nation Medical Center with Alliance PPO.

14. Todd Hicks, Jr. was covered by health insurance through a health insurance policy issued by the 639 Defendant through the 639 Health Fund to his father, Todd Hicks, Sr. The 639 Defendant and the 639 Health Fund, either directly or indirectly through their agent (Alliance PPO), had a contract with Children's National Medical Center, in which the 639 Defendant were required to pay for covered services rendered to members of the 639 Defendant's policy under the Alliance/MAMSI Agreement. The Hicks were provided care in accord with the Alliance/MAMSI Agreement. In fact, upon Todd Hicks, Jr.'s admission to Children's National Medical Center, the 639 Defendant's and 639 Health Fund's agent, Alliance PPO, pre-certified the Hicks as being covered under the health policy, authorized Children's National Medical Center to provide medical care and services to the Todd Hicks, Jr., and agreed to pay Children's National Medical Center for the care, services, and goods provided under the Alliance/MAMSI Agreement.

15. After providing care, services, and goods to the Hicks Defendant, as required by the hospital's agreement with Alliance/MAMSI, Children's National Medical Center sent Alliance PPO, and eventually (as a result of non-payment) all Defendants, bills for the care, services, and goods provided in accordance with the Alliance/MAMSI Agreement. The total amount due for the services, including physician charges, at that time was approximately $101,372.95. Children's National Medical Center filed a claim with the 639 Defendant for

payment, and otherwise complied with all conditions precedent of the Alliance/MAMSI Agreement. However, while Children's National Medical Center complied with all conditions precedent, neither the 639 Defendant, 639 Health Fund, the Sesker Defendant, nor the Hicks Defendant initially responded with any payment. Instead, the 639 Defendant through the 639 Health Fund, responded and informed the hospital that additional materials or forms were required before payment would be due to Children's National Medical Center and otherwise stated that payment was otherwise not yet due.

16. Children's National Medical Center followed up with the Hicks Defendant and the 639 Defendant through the 639 Health Fund to comply with the 639 Defendant's requests for additional documents. However, in spite of Children's National Medical Center's best efforts, none of the Defendants made any of the requested payments and payment was eventually informally denied without adequate notice or justification on May 31, 2005, subject to the hospital getting Hick's lawyer to sign a subrogation. The Alliance/MAMSI Agreement does not require a signed subrogation form by Hick's lawyer as a condition of payment. This was the first and only time the hospital was informed that its claim was being informally denied until Hicks' attorney signed the requested form. This was not consistent with the Alliance/MAMSI agreement and the conduct constitutes a breach of the agreement.

17. Children's National Medical Center then contracted with BRSI L.P. d/b/a Benefit Recovery Specialists, as its agent to re-present the claim to the Defendants and to recover the benefits wrongfully withheld by the Defendants. Instead of making any payments, the Hicks Defendant, the Sesker Defendant, and the 639 Defendant through the 639 Health Fund, individually and through their counsel, maintained that additional documents were needed before payments would be due or paid. At the same time, the Defendants (as well as Hicks' attorney)

failed and refused to produce the executed documents that the 639 Defendant through the 639 Health Fund claimed were necessary before any payments would be due or paid.

18. As a result of the Defendants' conduct, Children's National Medical Center and Benefit Recovery Specialists were forced to bring suit against the Defendants for the payments for the medical care, services, and goods provided to Todd Hicks, Jr. in accordance with the Alliance/MAMSI Agreement.

## IV. CAUSES OF ACTION

### A. *Breach of Contract*

19. Plaintiffs incorporate paragraphs 1 - 18 herein by reference.

20. Since the Hicks Defendant and Sesker Defendant requested and received, and Children's National Medical Center agreed to provide (in exchange for the promise of payment under the Alliance/MAMSI Agreement), the medical care, services, and goods provided, the parties had a contract for medical care.

21. Since the 639 Defendant and the 639 Health Fund, through Alliance PPO, pre-certified the Hicks Defendant as covered by their health policy, authorized the care, services, and goods to be provided, and agreed to pay Children's National Medical Center for its services, the 639 Defendant and 639 Health Fund entered into a contract or otherwise requested performance from Children's National Medical Center under the Alliance/MAMSI Agreement, and obligated themselves to pay for the services rendered under the Alliance/MAMSI Agreement.

22. As a result of Defendants' conduct, the Defendants, collectively, became contractually obligated to Children's National Medical Center to pay the hospital for the medical treatment and the goods and services received.

23. The 639 Defendant and the 639 Health Fund are liable to Children's National Medical Center under the Alliance/MAMSI Agreement with Children's National Medical Center, whereby the 639 Defendant individually and through the 639 Health Fund agreed to pay Children's National Medical Center for goods and services rendered to members of its health plan.

24. Despite a valid presentment of Children's National Medical Center claims and demand for payment, the Defendants have now refused to make the payments owed to Children's National Medical Center. Defendants' conduct constitutes a breach of the contracts described above. By failing to pay for the claims incurred by the Hicks Defendant and the Sesker Defendant, the Hicks Defendant and the Sesker Defendant breached their contracts with Children's National Medical Center. Also, By failing to pay for the claims incurred by the Hicks Defendant and the Sesker Defendant, the 639 Defendant, and the 639 Health Fund breached its contract(s) with Children's National Medical Center under the Alliance/MAMSI Agreement. The Defendants are therefore jointly and severally liable to the Plaintiffs for damages in an amount in excess of $101,372.95, plus attorneys' fees, costs, and any interest allowed by law.

**B. *Breach of Duty of Good Faith and Fair Dealing***

25. Plaintiffs incorporate paragraphs 1 - 24 herein by reference.

26. The 639 Defendant and the 639 Health Fund have now wrongfully and unreasonably refused to submit or make the required payments to the Plaintiffs. By their failure to honor Plaintiffs' demands for payment of benefits due and owing under the contract(s) between the parties; the 639 Defendant and the 639 Health Fund have breached the duty of good faith and fair dealing. Accordingly, the 639 Defendant and the 639 Health Fund are liable to

Plaintiffs for exemplary damages in an amount well in excess of the minimum jurisdictional requirements of this Court.

### C. *Quantum Meruit*

27. Plaintiffs incorporate paragraphs 1 - 26 herein by reference.

28. In the alternative, Plaintiffs bring this action for recovery in Quantum Meruit and/or Quasi Contract for the reasonable value of the bargain for the goods and services sold, delivered to and accepted by the Hicks Defendant and the Sesker Defendant. Children's National Medical Center relied on the Alliance/MAMSI Agreement with the 639 Defendant through the 639 Health Fund in providing these valuable goods and services. The contract and the goods and services provided under the Alliance/MAMSI Agreement, reasonably put the Defendants on notice that the Children's National Medical Center expected to be paid, and alternatively seeks recovery for its damages under Quantum Meruit and/or Quasi Contract. In this regard, Plaintiffs are entitled to recover full payment of the amounts due and owing, plus attorneys fees, costs, and any interest allowed by law.

### D. *Misrepresentation and/or Fraud*

29. Plaintiffs incorporate paragraphs 1 - 28 herein by reference.

30. In the alternative, Plaintiffs contend that the 639 Defendant and the 639 Health Fund knowingly made material misrepresentations, and/or committed fraud with the intent to deceive Children's National Medical Center, by pre-certifying the Hicks Defendant for treatment and by agreeing to pay for 100% of the care, services, and goods provided in accordance with the Alliance/MAMSI Agreement. Additionally, the 639 Defendant and/or the 639 Health Fund admitted that they would pay the bill incurred as a result of the care, services, and goods provided. Children's National Medical Center reasonably relied on the 639 Defendant's, 639

Health Fund's and/or their agent's pre-certification and/or conduct, and has been injured as a result of the 639 Defendant's and 639 Health Fund's conduct. In this regard, Plaintiffs are entitled to recover full payment of the amounts due and owing, exemplarary damages, plus attorneys, costs, and any interest allowed by law.

**F. *Alter Ego***

31. Plaintiffs incorporate paragraphs 1-30 herein by reference.

32. 639 Health Fund defendant, upon information and belief, is operating in the District of the Columbia as a d/b/a entity of the 639 Defendant.

33. There is, upon information and belief, a unity of ownership and interest between the 639 Defendant and 639 Health Fund.

34. The 639 Defendant's conduct has, upon information and belief, resulted in control over the 639 Health Fund to the degree that one cannot reasonably separate 639 Defendant's interests from the 639 Health Fund's interest.

35. The 639 Defendant has, upon information and belief, used the 639 Health Fund to carry out its business.

36. The 639 Defendants, upon information and belief, used the 639 Health Fund fraudulently to protect the 639 Defendant's business from the claims of creditors.

37. As a result of this conduct, the 639 Defendant is liable for the 639 Health Fund's obligations because it is effectively one and the same, or *alter ego*, of the 639 Defendant and, thus, it is fair and just to hold the 639 Defendant liable for the 639 Health Fund's obligations.

**E. *Attorneys' Fees***

38. Plaintiffs incorporate paragraphs 1 - 37 herein by reference.

39. As a result of the Defendants' conduct, Defendants' breach of the their contracts with Children's National Medical Center, Plaintiffs have employed the undersigned attorneys to bring this suit. The Plaintiffs have agreed to pay the undersigned attorneys' reasonable and necessary fees for the services provided. Accordingly, Plaintiffs are entitled to a recovery of their attorneys' fees in this matter.

## V. Relief Requested

WHEREFORE, PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER and BRSI, L.P. request that Todd Hicks, Individually, and on behalf of Todd Hicks Jr., Deceased, and Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639, and Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund, and Sheila Sesker, individually and on behalf of Todd Hicks Jr., Deceased, be cited to appear and that on final hearing, Plaintiffs be AWARDED a judgment against the Defendants for:

1. Actual damages incurred in a sum exceeding the minimum jurisdictional limits of this Court to be established at trial;

2. Reasonable and necessary attorneys' fees;

3. Applicable pre-judgment interest as permitted by law;

4. Applicable post-judgment interest at the maximum legal rate as permitted by law from the date Judgment is signed until paid;

5. Costs of Court; and

6. Such other and further relief, both general or special, at law or in equity, to which Plaintiffs may show themselves justly entitled, including, without limitation, exemplarary and consequential damages.

Dated this 13th day of March 2006.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
L. Bradley Hancock (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 465746
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

Kenneth P. Kaplan
District of Columbia Bar No. 460614
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
(202) 261-0156 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 13th day of March, 2006.

_____
L. Bradley Hancock