UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et. al <br><br> Plaintiffs, <br><br> v. <br><br> TODD HICKS, et. al. <br><br> Defendants. | No.: 06-0317RJL |

**DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS
HEALTH TRUST FUND'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR CONTINUANCE**

Pursuant to LCvR 7(b), Defendant Teamsters Local 639 – Employers Health Trust Fund ("Defendant Fund" or the "Fund"), through its undersigned counsel, hereby opposes Plaintiffs' Motion for Continuance.

**INTRODUCTION**

Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc., commenced this action by filing an initial Complaint in the Superior Court of the District of Columbia on January 12, 2006. Plaintiffs subsequently filed a First Amended Complaint in Superior Court seeking to add the Teamsters Local 639 – Employers Health Trust Fund ("Fund" or "Defendant Fund"), as a party defendant to the case.

The Fund removed this case to this Court on February 22, 2006 on the grounds that Plaintiffs' claims against the Fund necessarily arose under federal law – the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

1-WA/2541842.2

The Fund also moved to dismiss or, in the alternative, for summary judgment, on several grounds, most importantly, because Plaintiffs' state law claims are squarely preempted by Section 514 of ERISA.

The Plaintiffs have opposed the Fund's motion and ask the Court to remand the matter back to Superior Court or, in the alternative, to continue proceedings so that Rule 56(f) discovery may be taken. The Fund respectfully opposes Plaintiffs' Motion for Continuance for the reasons set forth below.[1]

## ARGUMENT

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 56(f) permits a court, in its discretion, to order a continuance and to allow for further discovery where "it appear[s] from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition. . ." Fed. R. Civ. P. 56(f). Under this rule, a party seeking continuance or denial of a summary judgment motion because of a lack of discovery must inform the court of the need for further discovery *by sworn affidavit*. *See Cloverleaf Standardbred Owners Assoc., Inc. v. National Bank*, 699 F.2d 1274, 1278 n. 6 (D.C. Cir. 1983) (finding that under Rule 56(f), a party "must state by affidavit why he is unable to present the necessary opposing material.") (citing Wright, Miller & Kane, Federal Practice and Procedures § 2740 (2d ed. 1983)); *Hotel & Rest. Employees Union, Local 25 v. Attorney Gen.* 804 F.2d 1256, 1269 (D.C. Cir. 1986) (noting that this affidavit requirement helps "prevent fishing expeditions"), *vacated on other grounds*, 808 F.2d 847 (D.C. Cir. 1987). A party opposing a motion for summary judgment who fails to comply with this

---

[1] Defendant Fund also opposes Plaintiffs' Motion for Remand. Defendant Fund's Memorandum in Opposition to Plaintiffs' Motion for Remand is filed contemporaneously with the instant opposition.

requirement does so at his own peril. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970); *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989) (finding that representations in memorandum opposing summary judgment insufficient under Rule 56(f)); *Hancock Industries v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1986) (rejecting a Rule 56(f) motion on the grounds that, inter alia, there was no affidavit attached to the motion).

The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. United States EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). *See also Hotel & Restaurant Employees Union*, 804 F.2d at 1269 (finding that the nonmoving party has the burden of showing what facts he hopes to discover that would create a triable issue and what reason justifies his inability to produce them on the motion) (citing *Exxon Corp. v. FTC*, 663 F.2d 120, 126-27 (D.C. Cir. 1980)). The party seeking additional discovery must also show a reasonable basis to suggest that discovery might reveal triable issues of fact. *See Carpenter v. Fannie Mae*, 174 F.3d 231, 237 (D.C. Cir. 1999). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Byrd*, 174 F.3d at 248 n.8 (internal citations omitted). *See also Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative.").

Plaintiffs have not met the Rule 56(f) burden set forth above. As an initial matter, in moving for a continuance, Plaintiffs have ignored Rule 56(f)'s affidavit requirement.

Rule 56(f) requires that a party requesting additional time for discovery to oppose a motion for summary judgment "must state *by affidavit* why [the party] is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners*, 699 F.2d at 1278 n. 6 (emphasis added). *See also Washington Bancorporation v. Said*, 812 F. Supp. 1256, 1268 (D.D.C. 1993) (finding that a party opposing summary judgment on the grounds that it had been unable to complete discovery must submit an affidavit with its opposition stating why affidavits to uphold summary judgment cannot be had). Here, the Plaintiffs have attached exhibits to their opposition papers, including a Declaration of Lester Poris, but they have failed to attach a Rule 56(f) affidavit stating why they are unable to produce facts that would create a triable issue in opposition to the Fund's Motion. Based on Plaintiffs failure to follow the procedural requirements of Rule 56(f), Plaintiffs' Motion to Continuance should be denied. *See Adickes*, 398 U.S. at 161; *Radich*, 886 F.2d at 1393-94; *Hancock Industries*, 811 F.2d at 230.

Even if the Court is inclined to overlook this procedural deficiency and examine Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Continuance ("Plaintiffs' Memorandum"), it remains clear that the Plaintiffs have still not met their Rule 56(f) burden. Plaintiffs' Memorandum claims simply that: (1) "Plaintiffs request a continuance pursuant to Fed. R. of Civ. P. 56(f) to be able to conduct adequate discovery to respond to Defendant's Motion"; (2) "Plaintiffs have had no time to conduct discovery of the multiple issues asserted by the [the] Fund in its Motion or on any of the claims asserted"; and (3) "Plaintiffs request a continuance to be able to conduct discovery on the claims asserted and to give Plaintiffs ample opportunity to discovery additional facts relating to Defendants' defenses." Plaintiffs' Memorandum ¶¶ 11, 12; Plaintiffs' Motion

for Continuance ("Plaintiffs' Motion") ¶ 3. Plaintiffs, however, fail to identify *any* facts they intend to discover that would create a triable issue and they also fail to identify *any* reason why, at the present time, Plaintiffs cannot produce such facts in opposition to Defendant Fund's Motion. Accordingly, the Court should deny Plaintiffs' Motion for Continuance. *See Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001) (finding that district court properly ruled on motion for summary judgment without permitting further discovery, absent identification of any facts essential to opposing motion as to which discovery was needed); *Cotton v. Washington Metropolitan Area Transit Authority*, No. 01-0801, 2004 U.S. Dist. LEXIS 3829, at *34-36 (D.D.C. March 3, 2004) (denying plaintiff's request to reopen discovery pursuant to Fed. R. Civ. P. 56(f) because plaintiff ignored Rule 56(f)'s requirement of an affidavit setting forth "facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion.") (internal citations omitted); *Broaddrick v. Executive Office of President*, 139 F. Supp.2d 55 (D.D.C 2001) (finding that "merely stating that 'discovery has yet to commence' is insufficient to respond to a properly-supported motion for summary judgment[;] party opposing summary judgment must 'indicate what facts she intends to discovery that would create triable issue.'"); *Lafoe v. Federal Land Bank of Jackson*, No. 89-0526, 1990 U.S. Dist. LEXIS 1337, at *2-3 (D.D.C. Feb. 8, 1990) (denying plaintiffs request for additional discovery in response to defendant's summary judgment motion because plaintiffs failed to demonstrate that there were discoverable facts that would create a triable issue, or that the information needed to oppose defendant's motion for summary judgment was in the exclusive control of the defendant.); *Thackston v. Tisch*, No. 87-2394, 1990 U.S. Dist. LEXIS 3829, at *1-2

(D.D.C. April 4, 1990) (denying plaintiff's Rule 56(f) motion seeking discovery in order to oppose defendant's motion to dismiss or, in the alternative, for summary judgment because "plaintiff had not demonstrated that there [were] discoverable facts that would create a triable issue ... and that the information needed to oppose defendant's motion for summary judgment [was] in the exclusive control of the defendant.").

Finally, Plaintiffs fail to explain why the facts they might discover are material to the resolution of their claims against the Fund. The Plaintiffs' now have a copy of the Fund's Summary Plan Description (attached as Exhibit 3 to the Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment), which explains how individuals like Defendant Hicks and their children become entitled to receive benefits from the Fund, as well as all of the reasons why the Fund would and would not make benefit payments. Because Plaintiffs seek to collect money from the Fund as a result of services provided to a Fund participant or beneficiary, this Court must necessarily examine and interpret the terms of the Fund's Summary Plan Description in order to decide whether any payment is due. And, because the Court must conduct such an examination and interpretation of an ERISA plan document, the state law claims against the Fund are necessarily preempted by ERISA Section 514. *See Bd. of Trs. of the Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc.*, 97 F. 3d 1479, 1486-87 (D.C. Cir. 1996) ("even general common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered by ERISA, will nonetheless be preempted insofar as they affect ERISA protected rights."); *Krooth & Altman v. North Am. Life Assur. Co.*, 134 F. Supp. 2d 96, 101 (D.D.C. 2001) (finding that such claims "directly 'relate to' the employee benefit plan because such claims presuppose the

existence of a contract", and therefore, "[t]hese claims must be dismissed as preempted by ERISA."); *Psychiatric Institute of Washington, D.C., Inc., v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24 (D.D.C. 1992) (holding that ERISA preempted the health care providers state law claims because they "not only 'relate' to an employee benefit plan, they depend on an employee benefit plan."). No discovery contemplated by the Plaintiffs, will change this result.

The Plaintiffs claim that "additional discovery is also needed on Plaintiff's alternative alter-ego theory of recovery." Plaintiffs' Memorandum ¶ 26. They argue that they are pursuing an alternative alter-ego theory of recovery against the Fund because "the line between Local 639 and the Health Fund as distinct legal entities was not clearly marked and Plaintiffs want to avoid injustice." Plaintiffs' Memorandum ¶ 26. Plaintiffs assert that "[t]he Health Fund and Local 639 Defendants were named as d/b/a's in the First Amended Compliant because neither of these Defendants are registered to do business in the District of Columbia under the names the Health Fund refers to in its brief." Plaintiffs' Memorandum ¶ 28. Plaintiffs believe that "[d]iscovery is necessary under Federal Rule Civil Procedure 56(f) to determine additional details regarding Local 639's and/or the Health Fund's business in the District, their lack of filings, and their conduct in the District to the extent an alter ego theory *may be* necessary to prevent injustice." Plaintiffs' Memorandum ¶ 28 (emphasis added).

None of the arguments explain why additional discovery (whatever that may be) might help Plaintiffs respond to the Fund's Motion to Dismiss or, in the alternative, for Summary Judgment. In this regard, although Plaintiffs claim that discovery *may be* necessary to determine additional details regarding Local 639's and/or Defendant Fund's

business in the District, their lack of filings, and their conduct in the District, Plaintiffs fail to set forth *any basis* that any further discovery will create material fact issues. *See Messina v. Krakower*, No. 04-7163, 2006 U.S. App. LEXIS 5702, at *18 (D.C. Cir. March 7, 2006) ("A party making a Rule 56(f) request must 'state[] concretely' why additional discovery is needed to oppose a motion for summary judgment.") (citing *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)); *Byrd*, 174 F.3d at 248 n.8 (the court will not find an abuse of discretion where the requesting party has offered only a "conclusory assertion without any supporting facts" to justify the proposition that the discovery sought will produce the evidence required); *Richardson v. National Rifle Ass'n*, 871 F. Supp. 499, 501-502 (D.C. Cir. 1994), *reconsideration denied*, 879 F. Supp. 1 (D.D.C. 1995) (plaintiffs cannot simply assert that "certain information" and "other evidence" may exist and may be obtained through discovery); *Cloverleaf Standardbred Owners,* 699 F.2d at 1278 n.6 (finding that "[b]are, unverified allegations will not do.").

    The Fund does not dispute that it is not "registered" to do business in the District of Columbia. The Fund did not "register" to do business in the District of Colombia because it is an employee benefit plan under ERISA, not a corporation. *See* Summary Plan Description at p. 89 (attached as Exhibit 3 to the Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment). The District of Columbia requires the following organizations to register their business: General Partnerships, Limited Partnerships, Limited Liability Partnerships, S Corporations, C Corporations, Not for Profit Corporations, Cooperative Associations, and Limited Liability Companies ("LLCs').

Since the Fund is not one of the enumerated organizations listed above, the Fund is not required to "register" in order to conduct business in the District of Columbia.

Furthermore, additional discovery will not change the fact that Plaintiffs' alter-ego claim is preempted by ERISA to the extent it purports to rest on state law and otherwise fails to state a claim upon which relief may be granted. Under ERISA, employee benefit funds, like the Fund, are themselves legal entities, with the capacity to sue or be sued under ERISA. *See* 28 U.S.C. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this title as an entity...."). More importantly, "[a]ny money judgment [ordered under ERISA] against an employee benefit plan shall be enforceable *only against the plan* as an entity and shall not be enforceable against any other person *unless* liability against such person is established in his *individual capacity* under [ERISA]." 28 U.S.C. §1132(d)(1) (emphasis added). Under ERISA, the Plaintiffs are required to plead and prove that each defendant is individually responsible for paying ERISA benefits. Here, the Plaintiffs cannot satisfy that burden, even with the benefit of additional discovery.

For all of these reasons, Plaintiffs' Motion for Continuance must be denied. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 153-155 (D.C. Cir. 2002) (finding that failure to demonstrate how further discovery would produce any issues of material fact is appropriate ground upon which to deny request for discovery extension on motion for summary judgment).

## CONCLUSION

Based on the foregings, Defendant Fund respectfully requests that the Court deny Plaintiffs' Motion of Continuance.

Date: March 24, 2006

Respectfully submitted,

*/s/ Donald L. Havermann*

Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (D.C. Bar No. 496400)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.739.3000 (Telephone)
202.739.3001 (Facsimile)
dhavermann@morganlewis.com
bdepietto@morganlewis.com

Counsel for Defendant Teamsters Local
639 – Employers Health Trust Fund

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on this 24th day of March 2006, that a copy of the foregoing Defendant Teamsters local 639 – Employers HealthTrust Fund's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Continuance was served on the following by the means indicated:

<u>Via First Class Mail, postage pre-paid:</u>

L. Bradley Hancock
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002

Kenneth P. Kaplan
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006

*Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.*

Lawrence Thrower
1229 15th Street, NW
Washington, DC 20005

*Attorney for Defendant Todd Hicks*

Local Union No. 639, Building, Inc. d/b/a
International Brotherhood of Teamsters,
Local 639 and d/b/a Local 639
3100 Ames Place, N.E.
Washington, DC 20018

*Named Local 639 Defendant*

Sheila Sesker
1057 Marlboro Road
Lothian, MD 20711

*Defendant Sheila Sesker*

_____
Bridgit M. DePietto

1-WA/2541842.2                     11