UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> TODD HICKS, et. al, <br><br> Defendants. | No.: 06-0317RJL |

## CONSENT MOTION TO STAY ALL PROCEEDINGS AND DEADLINES

Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc., and Defendants, Todd Hicks and the Teamsters Local 639 – Employers Health Trust Fund, through their undersigned counsel, hereby move the Court to stay all proceedings and deadlines in this matter for sixty (60) days to allow the parties to pursue settlement negotiations. In support thereof, the parties state the following:

1. Plaintiffs commenced this action against two named Defendants, Defendant Todd Hicks, individually and on behalf of Todd Hicks, Jr., deceased, ("Defendant Hicks"), and Defendant "Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters Local 639 and d/b/a Local 639" (the named "Local 639 Defendant"), by filing an Original Complaint in the Superior Court of the District of Columbia, Civil Action No. 00-0000172, on January 12, 2006.[1]

2. On February 3, 2006, Plaintiffs filed a First Amended Complaint in Superior Court seeking to add a third defendant, the Teamsters Local 639 – Employers Health Trust Fund

---

[1] The named Local 639 Defendant has not yet answered Plaintiffs' Complaint or entered an appearance in this case.

1-WA/2546141.1

("Fund" or "Defendant Fund"), as a party to the case, together with a "Motion to Amend Complaint to Add a New Defendant and Cause of Action." Plaintiffs served the First Amended Complaint on counsel for the Defendant Fund on February 6, 2006.

3. The Fund removed this case to this Court on February 22, 2006. The Fund contends that removal is appropriate on the grounds that Plaintiffs' claims necessarily arose under federal law. The Plaintiffs do not agree that removal is proper for the reasons stated in their Motion to Remand.

4. Since the date Defendant Fund removed Plaintiffs' case to this Court, the parties have filed numerous pleadings, including:

    a. Defendant Fund Motion to Dismiss or, in the Alternative, for Summary Judgment (March 1, 2006);

    b. Defendant Fund's Opposition to Plaintiffs' Motion to Amend Complaint to Add a New Defendant and Cause of Action (March 1, 006);

    c. Plaintiffs Reply in Support of Plaintiffs' Motion to Amend Complaint to Add a New Defendant and Cause of Action (March 8, 2006);

    d. Plaintiffs' Motion for Leave to File Second Amended Complaint (March 13, 2006);

    e. Plaintiffs' Opposition to Defendant Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment (March 13, 2006);

    f. Plaintiffs' Motion to Remand (March 13, 2006);

    g. Plaintiffs' Motion for Continuance (March 13, 2006);

    h. Defendant Fund's Reply in Support of Its Motion to Dismiss or, in the Alternative, for Summary Judgment (March 20, 2006);

    i. Defendant Fund's Opposition to Plaintiffs' Motion to Remand (March 24, 2006); and

    j. Defendant Fund's Opposition to Plaintiffs' Motion for Continuance (March 24. 2006).

5. On March 21, 2006, the Court granted Plaintiffs' Motion for Leave to Amend Second Amended Complaint, which is the only order the Court has issued to date in connection with the above-referenced pleadings.[2]

6. On March 24, 2006, the parties communicated regarding the possibility of discussing settlement, and now wish to begin settlement negotiations.

7. Accordingly, the parties request that the Court to <u>stay all proceedings in this matter</u>, including ruling on Defendant Fund Motion to Dismiss or, in the Alternative, for Summary Judgment; Plaintiffs' Motion to Remand; and Plaintiffs' Motion for Continuance; <u>and stay all deadlines in this matter</u>, including Defendants Fund's response to Plaintiffs' Second Amended Complaint; Plaintiffs' reply in support of Plaintiffs' Motion to Remand; Plaintiff's reply in support of Plaintiffs' Motion for Continuance (all of which are currently due on March 31, 2006); and the requirement that the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 by March 31, 2006, <u>for sixty (60) days to allow the parties to pursue settlement negotiations</u>.

8. In addition, Plaintiffs plan to file a Motion for Leave to file sur-reply and supplement in response to Defendant Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment. The Defendant Fund does not consent to Plaintiffs filing a sur-reply and supplement in response to Defendant Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiffs therefore request that, if the Court grants the parties' request to stay all proceedings and deadlines in this matter, and if the parties are unable to resolve this dispute within the period proceedings are stayed, the Court allow Plaintiffs to file a Motion for

---

[2] Plaintiffs' Second Amended Complaint was filed on March 21, 2006 and names Sheila Sesker, individually and on behalf of Todd Hicks, Jr., as a defendant in this action. Ms. Sesker was served with Plaintiffs' Second Amended Complaint on March 22, 2006, but has not yet answered Plaintiffs' Complaint or entered an appearance in this case.

Leave to file sur-reply and supplement in response to Defendant Fund's Motion to Dismiss or, in the Alternative, for Summary Judgment no later than fifteen (15) days, inclusive of weekends and holidays, of the date the stay is lifted unless the parties agree to continue the stay subject to the Court's approval or this order is otherwise continued.

9. Although this motion to stay all proceedings, if granted, would include Plaintiffs' Motion to Remand as previously stated in 4(f) above, the parties agree that this motion to stay all proceedings shall not prejudice Plaintiffs' right to remand and accordingly Plaintiffs do not waive their right to remand if the parties are not able to resolve this dispute during the sixty (60) day period proceedings are stayed.

10. If the parties are unable to resolve this dispute within the period proceedings are stayed, Defendant Hicks may also assert a cross-claim against Local 639 and the Fund.

11. If the parties are unable to resolve this dispute within the period proceedings are stayed, then all responsive pleadings originally due during the stay period shall be filed no later than fifteen (15) days, inclusive of weekends and holidays, of the date the stay is lifted unless the parties agree to continue the stay subject to the Court's approval or this order is otherwise continued.

WHEREFORE, the parties respectfully request the Court to stay all proceedings and deadlines in this matter for sixty (60) days to allow the parties to pursue settlement negotiations.

DATE: March 29, 2006

_____
L. Bradley Hancock (*Admitted Pro Hac Vice*)
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)

Respectfully submitted,

_____
Lawrence Thrower (D.C. Bar No. 473875)
1229 15th Street, NW
Washington, DC 20005

*Attorney for Defendant Hicks*

(713) 374-3505 (Facsimile)

_____
Kenneth P. Kaplan (D.C. Bar No. 460614)
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
*(202) 261-0156 (Facsimile)*

*Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.*

_____
Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (D.C. Bar No. 496400)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.739.3000 (Telephone)
202.739.3001 (Facsimile)

*Counsel for Defendant Teamsters Local 639 – Employers Health Trust Fund*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of March, 2006, a true and correct copy of the foregoing CONSENT MOTION TO STAY ALL PROCEEDINGS AND DEADLINES was served to the following by the means indicated:

COUNSEL FOR EMPLOYER'S HEALTH TRUST FUND
Donald L. Havermann
Morgan Lewis
1111 Pennsylvania Ave., NW
Washington, DC 20004
**VIA ECF**

COUNSEL FOR TODD HICKS, INDIVIDUALLY
AND ON BEHALF OF TODD HICK, JR
Lawrence A. Thrower
1229 15th St., N.W.
Washington, DC 20005
**VIA FIRST CLASS MAIL**

LOCAL UNION NO. 639
R. Mark Winter, CFO/Administrative Manager
Authorized Agent
LOCAL UNION NO. 639, BUILDING,
INC. d/b/a/ INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
LOCAL 639 and d/b/a LOCAL 639
3100 Ames Place, N.E.
Washington, DC 20018
**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

SHEILA SESKER, INDIVIDUALLY
AND ON BEHALF OF TODD HICK, JR
Sheila Sesker
1057 Marlboro Road
Lothian, MD 20711
**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

                                              Kenneth P. Kaplan