UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 6 - 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHILDREN'S NATIONAL MEDICAL CENTER, et. al,

    Plaintiffs,

v.

TODD HICKS, et. al,

    Defendants.

No.: 06-0317RJL

## STIPULATED PROTECTIVE ORDER

Upon consideration of the stipulation of the parties that have appeared in this action (the "Action"), as evidenced by the endorsements of counsel below, and it otherwise appearing proper to do so, it is hereby ORDERED by the Court that:

1. This Stipulated Protective Order ("Order") shall govern all Information, as defined herein, provided by the parties to this Action in connection with this Action. This Order is entered without prejudice to, or waiver of, the motions previously filed by the parties including, without limitation, Plaintiffs' motion to remand.

2. All documents and things produced by any party shall be numbered (e.g. Bates numbered) using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

3. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as

"Confidential"
or
"Highly Confidential – Outside Counsel's Eyes Only"

any documents, testimony, or other discovery material that contains confidential information, as defined in the paragraphs below.

    4.    Any Information that contains or comprises any trade secret or other confidential or proprietary research, development or commercial information that is provided by a party may be designated by such party as "Confidential" by marking or designating the Information as provided in paragraphs 5 and 6 of this Order. Information that may be considered and marked as confidential includes, but is not limited to, sound recordings, documents, writings, drawings, graphs, charts, photographs, phone records, data, materials, depositions electronic or computerized compilations, or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, requests and responses for information that is or relates to confidential or proprietary information, and/or constitutes trade secrets of the parties (collectively "Information"). Except as provided below, once Information has been designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," it shall be used only for purposes of the Action, shall not be used for any business, proprietary, or commercial purpose, and shall not be disclosed to anyone except the following, for use in connection with the Action only:

    (a)    Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees.

    (b)    Except as otherwise provided in paragraph 5 herein, party representatives, directly involved in preparation or trial of the Action, and having agreed on their own behalf, and on behalf of any support staff, to be bound by the

provisions of the undertaking attached as Exhibit A, and having signed such undertaking. The names of such representatives, along with copies of their signed Exhibit A's, shall be provided to the producing party, who shall have seven (7) calendar days to object to disclosures under this Order.

(c) Outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this Action, and having agreed to be bound by the provisions of the undertaking attached as Exhibit A, and having signed such undertaking. The names of outside testifying experts, along with copies of their signed Exhibit A's, shall be provided to the producing party, who shall have seven (7) calendar days thereafter to object to disclosures under this Order.

(d) Any court reporter and video recorder operator retained by any party to record a deposition in the Action.

(e) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" under this Order.

(f) Any person or persons retained by the parties to serve as a mediator(s) in connection with this Action.

5. A party may designate Information as "Confidential" when its counsel in good faith believes the material constitutes or reveals a trade secret, privileged information, other

confidential or proprietary research, development, or commercial information; or is otherwise protected by law from disclosure; and the disclosure of the Information may cause harm. For purposes of this Agreement, Information that is in the public domain or has been obtained by a party from non-confidential sources shall not be considered "Confidential." Any Confidential Information shall be designated by a party by so identifying each page of the material with the word "Confidential." Pages of deposition transcripts containing Confidential Information shall be identified in the same manner.

6. Every person described in paragraph 2(b) and 2(c) who is given access to Information marked "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," shall be provided with a copy of this Order prior to receipt of the Confidential Information and advised that the Information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed or used other than in accordance with this Order. Any person or entity to whom Confidential Information has been made available ("the Information Holder") shall not provide any Information to any person described in paragraph 2(b) and 2(c) until the Party has received from such person a signed written acknowledgment substantially in the form of Exhibit A ("Acknowledgment"), that such person has received a copy of this Order, and will comply with its terms in all respects. Persons who come into contact with any Information designated as "Confidential" in connection with clerical or administrative duties, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

7. Material marked or otherwise designated as "Highly Confidential – Outside Counsel's Eyes Only" is further restricted in that it shall not be disclosed to any person identified in category 2(b) above. The parties shall not designate material as "Highly Confidential – Outside Counsel's Eyes Only" unless such Confidential Information comprises or contains

competitively sensitive information which could be used by another party to obtain a competitive advantage over the producing party and/or its disclosure may give a third party such an advantage.

8. This Order is without prejudice to later agreements or requests for a party to request that the Court give party representatives access to certain information designated "Highly Confidential – Outside Counsel's Eyes Only."

9. If a party intends to use material designated as "Confidential" or "Highly Confidential - Outside Counsel's Eyes Only" in the deposition of someone (including third parties) other than an employee or representative of the party that produced the confidential materials, then that party shall notify the producing party of its desire to so use such materials and identify the materials at least five (5) business days before the deposition of the non-producing party is to commence. The producing party and the party desiring to use such material agree to confer in good faith to resolve any disputes and reach agreement on the form (e.g., redacted versions) or manner in which the materials may be used at the deposition. If the party desiring to use such material and the producing party determine to exclude the other parties from that portion of the deposition in which the "Confidential" or "Highly Confidential - Outside Counsel's Eyes Only" materials are used, the party desiring to use such material will not use that testimony against any party excluded from the deposition. If an agreement cannot be reached, then the producing party must seek a protective order from the court in order to limit access to the materials during any deposition.

10. Any party may redact from the Information it produces (a) Information not relevant to the subject matter of the Litigation, and (b) Information that the Party claims is

subject to the attorney-client privilege, work-product privilege, a legal prohibition against disclosure, or other privilege or immunity.

11.   Except with the prior written consent of a party, Information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" shall be used solely for the purpose of this Action. The Confidential Information shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified to receive such Information under the terms of this Order.

12.   No designation shall be effective unless there is placed or affixed on such material a "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as so designated up until thirty (30) days after receipt of a copy of the transcript. During that period, the party desiring to maintain confidentiality more than thirty (30) days after a received party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order.

13.   The failure of a party to designate any Information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes only" prior to production shall not waive the protections of this Order, or otherwise limit or forego any rights of the party to preserve the confidentiality of the Information produced. Upon discovering that "Confidential" material was inadvertently

produced without being so-designated, the party shall notify all recipients of such Information in writing. The recipients shall return the un-designated materials immediately, wherein the Party shall designate the material and return it to the recipients, and the Information so designated shall be treated as Confidential from and after the date of receipt of the written notification, unless and until the designation change.

14. No "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" material shall be filed in the public record of this action. Any document or thing containing or embodying such Confidential Information shall be filed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

15. All Confidential Information shall be securely maintained by the parties and any Information Holder in possession of such Information in a secure place.

16. Producing or receiving materials or otherwise complying with the terms of this Order shall not prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Information, testimony or evidence subject to this Order.

17. This Order has no effect upon, and its scope shall not extend to:

    a. Any party's use of its own Confidential Information; or

    b. Any party's use of Confidential Information obtained from a source other than any of the producing parties in this case.

18. Within 30 days after the conclusion of this Action, including any appeals, all Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall certify in writing

that such material has been destroyed. Counsel of record may retain one set of all papers filed with the court, including any Confidential Information filed under seal.

19. This Order shall remain in full force and effect after the termination of this Action, or until canceled or otherwise modified by Order of this Court.

20. The parties agree that a violation or threatened violation of these terms shall constitute irreparable harm and qualify as valid grounds for seeking injunctive relief to prevent said violation, without prejudice to any other remedies for a violation of this Order which also constitutes a contract among the Parties.

ENTERED this 2nd day of June, 2006.

_____
Richard J. Leon
UNITED STATES DISTRICT JUDGE

WE STIPULATE TO THIS:

_____
L. Bradley Hancock (*Admitted Pro Hac Vice*)
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

_____
Lawrence Thrower (D.C. Bar No. 473875)
1229 15th Street, NW
Washington, DC 20005

*Attorney for Defendant Hicks*

_____
Kenneth P. Kaplan (D.C. Bar No. 46061)
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
*(202) 261-0156* (Facsimile)

*Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.*

_____
Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (D.C. Bar No. 496400)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.739.3000 (Telephone)
202.739.3001 (Facsimile)

*Attorneys for Defendant Teamsters Local 639 – Employers Health Trust Fund*

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> TODD HICKS, et. al, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  No.: 06-0317RJL |

ALLEGIANCE TO PROTECTIVE ORDER

STATE OF _____ )
                                                                    SS:
COUNTY OF _____ )

I, _____, have been retained by _____ in connection with the above-captioned action ("Action") (or, I, _____, party representative for _____), hereby acknowledge that I am about to receive Information as defined in the Stipulated Protective Order ("Order") agreed to by the parties and so ordered by the Court in this Action.

I certify my understanding that the Information is being provided to me pursuant to the terms and restrictions of the Order, and that I have been given a copy of and have read and understood my obligations under that Order. I hereby agree to be bound by the terms of the Order. I clearly understand that the Confidential Information and my copies or notes relating

thereto may only be disclosed to or discussed with those persons permitted by the Order to receive such material.

Except as otherwise permitted by this Order, I will not share information that I obtain under this Order inside my company, and I will discuss recommendations that I make based on such information, without sharing the substance of Confidential Information, only with senior management making decisions about the litigation.

I will return or destroy all materials containing Confidential Information as required by paragraph 18 of the Order.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____
Name

_____
Date

_____
Title

    SWORN TO AND SUBSCRIBED before me by _____ on this \_\_\_\_ day of _____, 2006.

_____
[Notary Signature]

Notary Public in and for the State of _____

My Commission Expires: _____