UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, <br><br> and <br><br> BRSI, L.P. d/b/a BENEFIT RECOVERY SPEACIALISTS, <br><br>                     Plaintiffs, <br><br> v. <br><br> Todd Hicks, <br><br> and <br><br> LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639, <br><br> and <br><br> LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 d/b/a LOCAL 639 – Employer's Health Trust Fund, 3100 Ames Place, NE Washington, DC 20018, <br><br>                     Defendants. | No.:   06-0317RJL |

### DECLARATION OF LAURIE MELE

I, Laurie Mele, do hereby declare as follows:

1-WA/2530324.1

1. I am employed by the Teamsters Local 639 – Employers Health Trust Fund (the "Fund") as its Administrative Manager. I am responsible for supervising the daily administration of the Fund and attend the meetings of the Fund's Board of Trustees.

2. The Fund is an employee welfare benefits plan organized and established under ERISA. The Fund is operated and administered by a Board of Trustees, which is comprised of four (4) trustees appointed by the local union and four (4) trustees appointed by the employers that contribute to the Fund. The Board of Trustees conducts business of the Fund in the name of the Teamsters Local 639 – Employers Health Trust Fund. The Trust Agreement governs the operation of the Fund. Pursuant to the terms of the Trust Agreement, the Board of Trustees established a program of medical and related benefits to provide health benefits to eligible participants and dependents. Attached hereto is a true and correct copy of the Trust Agreement entered into between the employers that contribute to the Fund, the local union, and the Board of Trustees of the Fund (Exhibit 1).

3. At the time of Todd Hicks, Jr.'s motor vehicle accident in January of 2003, Todd Hicks was a participant in the Fund, and Todd Hicks, Jr. was the son and dependent of Todd Hicks.

4. The Summary Plan Description ("SPD") for the Fund provides that the Fund "will provide covered benefits" to a participant or dependent for "injur[ies] caused by the action or inaction of another person or party" only if the participant agrees to repay the Fund "from any settlement, judgment or Workers' Compensation recovery [the participant or] dependent[] may receive." Under the SPD, the participant is "required to sign a form that acknowledges the Fund's right to be reimbursed and verifies that "the participant" will help the Fund secure its rights. "The form must be completed before the Fund will make payments on [the participants or

participant's] dependent's behalf." Attached hereto is a true and correct copy of the SPD for the Fund (Exhibit 2).

5. The Trustees of the Fund interpret the SPD to require a participant's attorney to also sign the subrogation form in the spot designated for the attorney's signature before the form is deemed complete.

6. On July 8, 2004, Todd Hicks signed a subrogation agreement with the Fund whereby he acknowledged the Fund's right to be reimbursed for any payments it made to cover medical expenses incurred by his son, Todd Hicks, Jr., caused by the action or inaction of another person. Todd Hicks' attorney either failed or refused to sign the subrogation form. Attached hereto is a true and correct copy of the Subrogation Agreement (Exhibit 3).

7. The Fund refused to pay Children's National Medical Center for the services rendered to Todd Hicks Jr. because Todd Hicks Jr.'s injuries were the result of a motor vehicle accident for which a third party was responsible, and Todd Hicks failed to provide the Fund with a completed subrogation agreement (i.e., one signed by his attorney recognizing the Fund's right to reimbursement in the event of a tort recovery), as required by the terms of the SPD.

8. The Fund's SPD specifically informs claimants of their right under Section 502(a) of ERISA to file suit in federal court. Under the terms of the SPD, a claimant may bring an action under Section 502(a) of ERISA only after the claimant has (1) submitted a written claim for benefits, (2) been notified that the claim is denied, (3) filed a timely written request for a review of the claim, and (4) been notified in writing that the denial of the claim has been affirmed on appeal.

9. Children's National Medical Center brought a legal action against the Fund on February 3, 2006, without first filing a timely written request for a review of the Fund's refusal to pay Children's National Medical Center for the services it rendered to Todd Hicks Jr.

10. Children's National Medical Center served "Plaintiffs' Original Complaint" on Mark Winter on January 17, 2006.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 3-1-2006

*Laurie Mele*
Laurie Mele