# TEAMSTERS LOCAL 639-EMPLOYERS HEALTH TRUST FUND
## Agreement and Declaration of Trust

### AMENDED AS OF JANUARY 18, 1984

THIS AGREEMENT is made and entered into at Washington, D.C. this _____ **day of** _____, 19___ **by and between** _____

hereinafter called the "COMPANY", and the DRIVERS, CHAUFFEURS AND HELPERS LOCAL UNION NO. 639 of Washington, D.C., hereinafter called the "UNION"; and JACK BAKER, MORRIS DAVIDSON, WILLIAM McINTYRE, and ROGER OLSON, Company Trustees; and JOHN CATLETT, JOSEPH CONNORS, PHILIP FEASTER, and JOHN STEGER, Union Trustees, hereinafter called "TRUSTEES"

*Recitals:*
   1. The Company and other Employers signatory to this Trust Agreement, are parties to collective bargaining agreements with the Union which provide that each Employer covered by any of said collective bargaining agreements will pay the sum specified therein, in the manner specified therein, for Employees under such collective bargaining agreements to a Health Fund established for the benefit of such Employees and their Dependents.
   2. The parties have agreed that such payments shall be payable to and be deposited in the Trust Fund referred to in this Trust Agreement.
   3. The purpose of this Trust Agreement is to provide for the revision and maintenance of such Trust Fund originally established by agreement of January 20, 1952 and as modified or amended subsequently, and for the revision and maintenance of such Health Plan authorized by the collective bargaining agreements.
   4. The purpose of the Health Plan is to provide medical and related benefits for eligible Employees covered by the aforesaid collective bargaining agreements and eligible under the Plan, and such other persons as the Trustees may include from time to time, either through the purchase of insurance policies or the payment of said benefits directly from the Fund.

*Provisions*
   In consideration of the foregoing, and of the mutual promises hereinafter provided, the parties agree as follows:

## ARTICLE I
## DEFINITIONS

Unless the context or subject matter requires otherwise, the following definitions shall govern this Agreement and Declaration of Trust:

*Section 1.1 Collective Bargaining Agreement.* The term "Collective Bargaining Agreement" as used herein, shall mean the Collective Bargaining Agreements in force and effect between the Union and the Company, together with any modifications, supplements or amendments thereto.

*Section 1.2 Union.* The term "Union" as used herein shall mean Drivers, Chauffeurs and Helpers Local Union No. 639 of Washington, D.C., affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and any Union affiliated with Teamsters' Joint Council No. 55, Washington, D.C. that enters into an Agreement and Declaration of Trust with the Trustees.

*Section 1.3 Company.* The term "Company" as used herein shall mean any corporation, partnership, or individual that has a collective bargaining agreement with the Union, or has signed a participation agreement with the Trust providing for payments into the Trust Fund on behalf of any Employee of such Employer covered by such Agreement. "Companies" means more than one such Company.

*Section 1.4 Employer.* The term "Employer" as used herein shall mean Company as defined immediately above, and further, shall mean the Union in its capacity as an Employer, except that the Union shall not participate in the selection of Employer Trustees.

*Section 1.5 Employees.* The term "Employees" as used herein, shall mean (1) those persons employed by any Employer as defined in Section 1.4 and on whose behalf payments are required to be made to the Health Fund pursuant to a Collective Bargaining Agreement or a signed participation agreement; (2) paid Employees of the Union providing the Union contributes to the Health Fund on behalf of each such Employee.

*Section 1.6 Participant.* The term "Participant" as used herein, shall mean any Employee of a Company or Union who is reported and for whom contributions are made to the Health Trust Fund.

*Section 1.7 Beneficiary.* The term "Beneficiary" as used herein, shall mean a person designated by the terms of the Health Plan created pursuant to this Agreement and Declaration of Trust, who is or may become entitled to a benefit from this Fund.

*Section 1.8 Trustees.* The term "Trustees" as used herein, shall mean the Trustees designated in this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement.

*Section 1.9 Insurer.* The term "Insurer" as used herein, shall mean any insurance company qualified to do business in the District of Columbia selected to underwrite the Health Plan by the Trustees.

*Section 1.10 Agreement and Declaration of Trust.* The term "Agreement and Declaration of Trust" as used herein, shall mean this instrument including any amendments, supplements and modifications hereto.

*Section 1.11 Act.* The term "Act" as used herein, shall mean the Employee Retirement Income Security Act of 1974, and amendments as may from time to time be made and any regulations promulgated pursuant to the provisions of the Act.

*Section 1.12 Plan of Health Benefits.* The term "Health Plan" as used herein, shall mean the program of medical and related benefits established by the Board of Trustees pursuant to this Agreement and Declaration of Trust.

*Section 3.6 Payment of Trustees.* The Trustees shall not receive compensation for the performance of their duties as Trustees but may be reimbursed for all reasonable and necessary expenses which they incur in the performance of their duties. Any Trustee who is not otherwise employed by a contributing Company or the Union as defined herein shall be paid such reasonable compensation as shall from time to time be agreed upon by the Board of Trustees.

## ARTICLE IV
## MEETINGS AND DECISIONS OF THE TRUSTEES

*Section 4.1 Officers of the Trustees.* The Trustees shall select from among their number a Chairman, and a Secretary. When the Chairman has been selected from the Trustees appointed by the Union the Secretary shall be selected from the Trustees appointed by the Employers or vice versa.

*Section 4.2 Meetings of the Trustees.* Regular meetings of the Trustees shall be held at such times and places as may be agreed upon by the Board of Trustees. Reasonable notice of the meetings shall be provided, except that meetings may be held at any time without notice if all the Trustees consent thereto in writing. Special meetings may be called by the Chairman and Secretary or any four (4) Trustees upon five (5) days' written notice to the other four (4) Trustees. The Trustees shall meet at least once every three months and at such other times as they deem it necessary to transact their business.

*Section 4.3 Action of Trustees Without Meeting.* Action by the Trustees may also be taken by them in writing, without a meeting, or by telephone conference call, or by wire, provided that in such cases, there shall be unanimous concurrence of all Trustees.

*Section 4.4 Quorum.* In all meetings of the Trustees, four (4) Trustees shall constitute a quorum for the transaction of business, provided there are at least two (2) Trustees appointed by the Union, and at least two (2) Trustees appointed by Employers present at such meetings. At all meetings, each Trustee shall have one vote and the Employer and Union appointed Trustees collectively shall have equal voting strength.

*Section 4.5 Majority Vote of Trustees.* All action by Trustees shall be by majority decision of those voting. Such majority decision shall govern not only this Article but any portion of this Agreement and Declaration of Trust which refers to action by the Trustees. In the event any matter presented for decision cannot be decided because of a tie vote or the lack of a quorum at two successive meetings, the matter shall be resolved pursuant to the procedure set forth in Article VIII hereof.

*Section 4.6 Minutes of Meetings.* The Trustees or their designee shall keep minutes of all meetings, but such minutes need not be verbatim. Copies of the minutes shall be sent to all the Trustees and to such other persons as the Trustees may direct. Minutes of a meeting shall be reviewed and approved by the Trustees at the next meeting.

## ARTICLE V
## POWERS AND DUTIES OF TRUSTEES

*Section 5.1 Conduct of Trust Business.* The Trustees shall have authority to control and manage the operation and administration of the Health Fund and shall conduct the business and activities of the Health Fund in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees shall be the Named Fiduciary and the Administrator of the Health Fund as those terms are defined in the Act.

*Section 5.2 Use of the Trust Fund for Expenses and to Provide Benefits.*

(a) The Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (i) of collecting employer contributions and payments and other monies and property to which they may be entitled; (ii) of administering the affairs of this Trust, including the purchase or lease of real property, material, supplies and equipment; (iii) of obtaining such legal, actuarial, investment, administrative, accounting clerical and other assistance or employees as they may find necessary or appropriate; and (iv) of performing such other acts as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

(b) The Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of retirement and related benefits to eligible Employees and Beneficiaries in accordance with the terms, provisions and conditions of the Health Plan to be agreed upon by the Trustees pursuant to this Agreement and Declaration of Trust.

*Section 5.3 Construction and Determinations by Trustees.* Subject to the stated purposes of the Health Fund and the provisions of this Trust Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits including the self funding of benefits, and all other related matters. They shall have full power to construe the provisions of this Agreement and Declaration of Trust and the Health Plan, and the terms used therein and any rules and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon the Union, the Company, the Employers, Employees and their Beneficiaries.

*Section 5.4 General Powers.* The Trustees, are hereby empowered, in addition to such other powers as are set forth herein or conferred by law, to:

(a) demand, collect, receive and hold contributions and to take such steps as may be deemed necessary or desirable to collect contributions due the Trust Fund;

(b) compromise, settle, arbitrate and release claims or demands in favor of or against the Health Trust Fund or the Trustees on such terms and conditions as the Trustees may deem advisable; commence or defend any legal, equitable or administrative proceedings brought in connection with the Health Trust Fund and represent the Health Trust Fund in all such proceedings;

(c) pay or provide for the payment of all reasonable and necessary expenses of collecting contributions and payments;

(d) enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and the administration of the Health Fund;

(e) enter into an investment contract or agreement with an insurance company or companies for the investment and reinvestment of assets of the Trust Fund;

(f) enter into a group annuity contract or contracts and any agreements supplemental thereto, with an insurance company or companies for the purpose of investing all or a portion of the Fund held by them in Trust. Any such contract may provide that

The Trustees, to the extent permitted by the Act, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts, and to be signed by the proper person.

*Section 5.6 Reliance on Written Instruments and Professional Advice.* Any Trustee, to the extent permitted by the Act, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees or the Chairman and Secretary as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

The Trustees may, from time to time, consult with the Trust Fund's legal counsel, actuary and any other professionals, and to the extent permitted by the Act, the Trustees shall be protected in acting upon the advice of such professionals.

*Section 5.7 Reliance by Others.* No party dealing with the Trustees shall be obligated to see to the application of any funds or property of the Trust Fund to the stated Trust or to see that the terms of this Trust Agreement have been complied with or to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon that at the time of the execution of said instrument, the Trust was in full force and effect, that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and that the Trustees were duly authorized and empowered to execute the instrument.

*Section 5.8 Books of Accounts.* The Trustees shall cause to be kept true and accurate books of accounts and records of all transactions of the Health Trust Fund which shall be open to the inspection of each of the Trustees at all times and which shall be audited at least annually and at such other times as the Trustees deem appropriate by a certified public accountant selected by the Trustees. A complete and detailed statement of the annual audit, including the benefits and administration costs, shall be made available to the Union and to each Company requesting a copy thereof.

*Section 5.9 Surety Bonds.* The Trustees and any employees who are empowered and authorized to sign checks and handle monies of the Health Trust Fund shall be bonded by a duly authorized surety company, qualified to write such bonds, in such amounts as may be determined from time to time by the Trustees. The Trustees may also bond such other employees of the Trust Fund as they deem necessary. The cost of the premiums of such bonds shall be paid out of the Health Trust Fund. The bonds shall be in such amounts as required by applicable law.

*Section 5.10 Execution of Documents.* The Trustees may, in the course of conducting the business of the Health Trust Fund, execute all instruments or documents or notices in the name of the Teamsters Local 639-Employers Health Fund which instruments shall be signed by the Chairman and Secretary, or one or more Trustees authorized by resolution. All persons shall be fully protected in reliance that such instruments or documents or notices have been duly authorized and are binding on the Trustees and the Teamsters Local 639-Employers Health Fund.

## ARTICLE VI
## CONTRIBUTIONS TO THE HEALTH TRUST FUND

*Section 6.1 Contributions Held in Trust.* The Trustees declare that they will receive and hold the contributions herein provided for or any other money, income, rebate, dividend or return of premium or property which may be entrusted to them, as Trustees hereunder, with the powers and duties and for the uses, purposes and trusts set forth in this Agreement and Declaration of Trust.

Neither the Union, the Company, the Employer, Employees, or their beneficiaries shall have any right, title or interest in or to the Trust Fund or any part thereof except as required by law.

*Section 6.2 Encumbrance of Benefits.* The Teamsters Local 639-Employers Health Fund shall constitute an irrevocable trust for the sole and exclusive benefit of Employees and their beneficiaries entitled to benefits under the Health Plan. All the benefits, monies or property shall be free from the interference and control of any creditor; and no benefits shall be subject to any assignment or other anticipation, nor to seizure or to sale under any legal, equitable or any other process; and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Employee, or Beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said Employee, or Beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding become payable, or be liable to become payable to any person other than the Employee or Beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power to withhold payment of such benefit to such Employee or Beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ, or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees. Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits as to the Trustees may seem best, directly for the support and maintenance of such Employee or Beneficiary.

The Employers' contributions to be paid into the Health Trust Fund shall not constitute or be deemed wages due to Employees nor shall the Health Trust Fund be liable for or subject to the debts, contracts or liabilities of the Union, the Company, the Employers, or Employees.

No Employee shall have the right to receive any part of the contributions made to this Health Trust Fund, except as provided by the Plan of Health Benefits.

*Section 6.3 Rate of Contributions.* The Employer shall pay to the Trustees each month the amount of money as established and provided for in Collective Bargaining Agreements or signed participation agreement.

*Section 6.4 Mode of Payment and Report on Contributions.* All contributions required by Collective Bargaining Agreements and signed participation agreements shall be paid to the Trustees, on or before the last day of the month following the month in which the Employee worked, and shall be in the manner and form determined by the Trustees. The Employers shall make all reports on contributions required by the Trustees in the performance of their duties under this Agreement and Declaration of Trust. The Trustees may, at any time, designate a qualified representative to conduct an audit of the payroll and wage records of any Employer to permit the Trustees to determine whether such Employer is making full payments to the Trustees in the amounts required by a Collective Bargaining Agreement or signed participation agreement. Whenever a discrepancy is disclosed by virtue of said audit, the Trustees may assess the entire costs of the audit to the Employer who shall be obligated to make payment therefore. Any data or information furnished to the Trustees by an Employer or by the Union shall be held confidential and may not be disclosed by the Trustees to any third person, unless the Trustees shall decide that such disclosure is necessary for the proper administration of the Fund.

## ARTICLE IX
## EXECUTION OF AGREEMENT AND DECLARATION OF TRUST

*Section 9.1 Counterparts.* This Agreement and Declaration of Trust may be executed in one or more counterparts. The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

## ARTICLE X
## AMENDMENT TO AGREEMENT AND DECLARATION OF TRUST

*Section 10.1 Amendment by Trustees.* The provisions of this Agreement and Declaration of Trust may be amended to any extent and at any time by an instrument in writing, adopted by unanimous action of all Trustees; however, changes in the Health Plan may be made by majority action of the Trustees present and voting, in accordance with Article VII. Nothing in this Section shall limit the power of the Trustees to amend this Trust Agreement by unanimous action without the approval of the Company or the Union if consistent with the Collective Bargaining Agreements. It is expressly understood and agreed that no amendment shall direct any of the trust estate then in the hands of the Trustees from the purposes and objects of the Health Trust Fund.

*Section 10.2 Retroactive Effect.* Any Amendment, howsoever adopted, may have retroactive effect.

## ARTICLE XI
## TERMINATION OF TRUST

*Section 11.1 By the Trustees.* This Agreement and Declaration of Trust may be terminated by an instrument in writing, executed by the Trustees upon the happening of any one or more of the following events:

(a) If the Trust Fund is in the opinion of the Trustees, inadequate to carry out the intent and purpose of this Trust Agreement, or is inadequate to meet the payments due or to become due under this Trust Agreement and under the Health Plan to Employees and Beneficiaries;

(b) If there are no individuals living who can qualify as Employees or Beneficiaries hereunder;

(c) When there is no longer in force and effect Collective Bargaining Agreements or signed participation agreements requiring contributions to the Health Trust Fund.

*Section 11.2 Procedure on Termination.* In the event of the termination of this Agreement and Declaration of Trust, the Trustees shall:

(a) make provision out of the Trust Fund for the payment of expenses incurred up to the date of termination of the Trust and the expenses incidental to such termination;

(b) arrange for a final audit and report of their transactions and accounts for the purpose of termination of their Trusteeship;

(c) give any notice and prepare and file any reports which may be required by law; and

(d) apply the Health Trust Fund in accordance with the provisons of the Health Plan.

No part of the corpus or income of the Health Trust Fund shall be used for or diverted to purposes other than for the exclusive benefit of the Employees and their Beneficiaries or the administration expenses of the Health Trust Fund. Under no circumstances shall any portion of the Health Trust Fund, either directly or indirectly, revert or accrue to the benefit of any contributing Employer, the Company or the Union.

*Section 11.3 Notification of Termination.* Upon termination of the Health Trust Fund, in accordance with this Article, the Trustees shall forthwith notify the Union, the Company and all other interested parties. The Trustees shall continue as Trustees for the purpose of winding up the affairs of the Health Trust Fund.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

*Section 12.1 Termination of Individual Employers.* An Employer shall cease to be an Employer within the meaning of this Agreement and Declaration of Trust when he is no longer contractually obligated, pursuant to a Collective Bargaining Agreement or a signed participation agreement, to make contributions to this Health Trust Fund or when the Trustees determine that his participation as a contributing Employer shall terminate.

*Section 12.2 Vested Rights.* No Employee or any person claiming by or through an Employee shall have any right, title or interest in or to the Health Trust Fund, or any part thereof, except as may be specifically determined by the Trustees in conformation with the Act.

*Section 12.3 Situs.* This Agreement and Declaration of Trust is accepted by the Trustees in the District of Columbia and such place shall be deemed the situs of the Health Trust Fund continued hereunder. All questions pertaining to validity, construction and administration shall be determined in accordance with the laws of the United States and of the District of Columbia.

*Section 12.4 Construction of Terms.* Wherever any words are used in this Agreement and Declaration of Trust in the masculine gender, they shall be construed as though they were also used in the feminine gender or neuter gender, in all situations where they would so apply. Wherever any words are used in this Agreement and Declaration of Trust in the singular form, they shall be construed as though they were also used in the plural form in all situations where they would so apply. Wherever any words are used in this Agreement and Declaration of Trust in the plural form, they shall be construed as though they were also used in the singular form in all situations where they would so apply.

*Section 12.5 Certification of Trustees' Action.* The Chairman and Secretary of the Trustees may execute any certificate of document jointly, on behalf of the Trustees, and such execution shall be deemed execution by all the Trustees. All persons having dealings with the Health Trust Fund, or with the Trustees, shall be fully protected in reliance placed upon such duly executed document.

## FIRST AMENDMENT TO THE TEAMSTERS
## LOCAL 639 - EMPLOYERS HEALTH TRUST
## FUND AGREEMENT AND DECLARATION OF TRUST

1.  Section 3.1(a) of the Agreement and Declaration of Trust shall be amended to read as follows:

> The operation and administration of the Health Trust Fund shall be the responsibility of a Board of Trustees composed of eight (8) Trustees, four (4) of whom shall be appointed to serve as Employer Trustees as provided in Section 3.1(c) below and four (4) of whom shall be appointed to serve as Union Trustees as provided in Section 3.1(b) below.

2.  Section 3.1(c) of the Agreement and Declaration of Trust shall be amended to read as follows:

> Employer Trustees shall be appointed pursuant to rules and regulations adopted from time to time by the Employer Trustees. These rules and regulations must be disseminated to all contributing employers. No Employer Trustee appointed or elected while his Company was contributing employer may remain a Trustee after his Company ceases to have an obligation to contribute to the Fund.

Executed this 24th day of June 1993. Effective August 1, 1993.

_[signatures]_
Michael R Bull
Jack Baker
[signature]

Philip Feaster
Joseph P Connor, Sr.
[signature]
[signature]

SECOND
~~THIRD~~ **AMENDMENT TO THE TEAMSTERS**
**LOCAL 639 - EMPLOYERS HEALTH TRUST**
**FUND AGREEMENT AND DECLARATION OF TRUST**

1. Section 3.5 of the Agreement and Declaration of Trust shall be amended to add the following to the end of the paragraph:

>provided, however, that the Trustees whose terms would otherwise expire on January 17, 2000, shall remain in office on and after January 18, 2000 until replacements are seated.

Executed this 9th day of December, 19 99

_Michael R. Bull_ _____

_[signature]_ _____

_[signature]_ _____

_[signature]_ _____

_[signature]_ _____

_Phillip A. Feaster_ _____

_Joseph/ Connor_ _____

_John C. [illegible]_ _____

1-WA/1331295.1

# THIRD AMENDMENT TO THE TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST FUND AGREEMENT AND DECLARATION OF TRUST

1.  Article III, Board of Trustees, Sections 3.1, 3.4 and 3.5 shall be amended and restated to read as follows:

Section 3.1 Board of Trustees

   (a) The operation and administration of the Health Trust Fund shall be the responsibility of a board of Trustees, composed of eight (8) Trustees, four (4) of whom shall be appointed to serve as Union Trustees as provided below, and four (4) of whom shall be appointed to serve as Employer Trustees as provided below.

   (b) *Union Trustees.* The Union Executive Board shall appoint four Trustees to serve as Union Trustees in accordance with the Union's By-Laws. The Union Trustees' term shall be concurrent with the term of office of a majority of the Union Executive Board that initially appoints the Union Trustees. The President of the Union shall set forth the names of the Union Trustees so appointed by instrument in writing addressed to the Board of Trustees. The Union Executive Board may remove any Union Trustee at will. The President of the Union shall set forth the name of any Union Trustee so removed by instrument in writing addressed to the Board of Trustees.

   (c) *Employer Trustees.* The Washington, D.C. Area Transportation Employers Association, or its successors and assigns ("Employer Association"), shall appoint four Trustees to serve as Employer Trustees. The Employer Association organizational documents shall provide for membership in the Employer Association by any Employer that contributes to either or both of the Funds (excluding any union or third party administrator). The Employer Association shall set forth the names of the Employer Trustees so appointed by instrument in writing addressed to the Board of Trustees. The Employer Association may remove any Employer Trustee at will. The Employer Association shall set forth the name of any Employer Trustee so removed by instrument in writing addressed to the Board of Trustees.

\* \* \*

*Section 3.4 Resignation and Replacement of Trustees.* A Trustee may resign and become and remain fully discharged from all further duty or responsibility hereunder upon giving thirty (30) days' notice in writing to the remaining Trustees and to the party by whom he or she was appointed, or such shorter notice as the remaining Trustees may accept as sufficient. The notice shall state the date on which such resignation shall take effect; and such resignation shall take effect on the date specified in the notice unless a successor Trustee shall have been

appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such successor Trustee.

In the event of the resignation, death, incapacity, removal or the unwillingness to serve on the part of any of the Union Trustees, a successor Union Trustee shall be appointed by the Union Executive Board to replace the Union trustee for the unexpired portion of his or her term. In the event of the resignation, death, incapacity or the unwillingness to serve on the part of any Employer Trustee, a successor Employer Trustee shall be appointed by the remaining Employer Trustees to replace the Employer Trustee for the unexpired portion of his or her term. In the event of the removal of any Employer Trustee, a successor Employer Trustee shall be appointed by the Employer Association to replace the Employer Trustee for the unexpired portion of his or her term. In the event successor Trustees are appointed as provided in this paragraph, the remaining Trustees shall be notified of such appointment by an instrument in writing by the persons or entities appointing the successor Trustees.

Any successor Trustee appointed as herein provided shall affix his or her signature to a certificate of acceptance of this Agreement and Declaration of Trust as provided in Section 2 of this Article, and shall, without further act, become vested with all of the estates, rights, powers, discretion and duties of his or her predecessor Trustees.

Any Trustee who resigns or is removed or replaced shall forthwith turn over to the remaining Trustees at the office of the Health Trust Fund any and all records, books, documents, monies and other property in his or her possession which are part of the Health Trust Fund and incident to the fulfillment of the Trustees' duties and responsibilities under this Agreement and Declaration of Trust.

The powers of the Trustees to act, as provided in this Agreement and Declaration of Trust shall not be impaired or limited in any way pending the designation of a successor Trustee to fill any vacancy.

Section 3.5 Term of Trustees. The full terms of all Trustees shall be four years commencing as of January 18, 1984 and thereafter on successive fourth anniversaries of such date, unless shortened by virtue of resignation, death, incapacity, removal or unwillingness to serve as provided above, or in the case of a Union Trustee, by application of Section 3.1 (b) of this Article. Provided, however, that the Employer Trustees whose terms would otherwise have expired on January 17, 2000, shall remain in office until January 18, 2004, unless that period is shortened by virtue of resignation, death, incapacity, removal or unwillingness to serve, as provided above.

This Third Amendment shall be effective April 15, 2002.

UNION TRUSTEES:                    EMPLOYER TRUSTEES:

_____            _____ 10/14/02
John D. Catlett        Date        Frank W. Stegman        Date

_____ 10-14-02   _____ 9/5/02
John C. Steger          Date       Michael R. Bull         Date

_____ 10-14-02   _____ 10/14/02
Ron Ross                Date       Eric D. Weiss           Date

                                   _____
                                   Andrew Zalkin           Date

1-WA/1775632.2

This Third Amendment shall be effective ___April 15___, 2002.

UNION TRUSTEES:                          EMPLOYER TRUSTEES:


_____                  _____
John D. Catlett        Date              Frank W. Stegman       Date


_____                  _____
John C. Steger         Date              Michael R. Bull        Date

                                         _____[signature]_____ 10/19/02
_____                  Eric D. Weiss          Date
Ron Ross               Date
                                         _____[signature]_____ 9/19/02
                                         Andrew Zalkin          Date

1-WA/1775632.2