## REIMBURSEMENT AND SUBROGATION AGREEMENT

TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST FUND
3130 AMES PLACE, N.E.
WASHINGTON, D.C. 20018

In consideration of the benefits advanced to me by Teamsters Local 639 – Employers Health Trust Fund (the "Fund"), the undersigned hereby agree as follows:

1. The undersigned Participant or dependent(s) shall take such actions as are necessary and appropriate to recover damages from any third-party who is or may be liable for the illness or injury that gave rise to the claim for benefits from the Fund, including an insurance company or a worker's compensation carrier.

2. The undersigned Participant or dependent(s) hereby assigns to the Trustees of the Fund his or their right to pursue a legal action against responsible third-parties, in the event that the Participant or dependent(s) elect not to pursue such legal action.

3. The undersigned Participant or dependent(s) and his or their undersigned attorney shall not do, or sign, anything that would impair the Participant's or dependent(s)' right to recover damages, without first securing the Fund's written agreement.

4. If the undersigned Participant or dependent(s) recovers money from a third-party who is or may be liable for the illness or injury that gave rise to the claim for benefits from the Fund, including an insurance company or a worker's compensation carrier, the Participant, dependent(s) and the undersigned attorney (if the attorney is holding the monetary recovery) shall hold the money in constructive trust for repayment to the Fund, and shall promptly repay the Fund for the benefits advanced by the Fund, up to the amount of the recovery. This repayment obligation applies to the recovery of any monies, regardless of whether the payment is characterized as compensation for pain and suffering or something else, and regardless of whether the Participant or dependent(s) has been made whole as a result of the recovery. The undersigned Participant or dependent(s) and his or their undersigned attorney (if the attorney is holding the monetary recovery) shall be fiduciaries with respect to the monies held in constructive trust.

5. The undersigned Participant or dependent(s) acknowledge that, under ERISA § 503(a)(3), the Fund has an equitable lien upon any recovery received by the undersigned Participant, dependent(s), or undersigned attorney (if the attorney is holding the monetary recovery) as a result of compromise or by way of judgment on the claims. The Fund's equitable lien is for the repayment of benefits advanced by the Fund to, or on behalf of, the undersigned Participant or dependent(s).

6. If any money is recovered by or on behalf of the undersigned Participant or dependent(s), regardless of whether the undersigned Participant or dependent(s) are in possession of the monetary recovery, the undersigned Participant or dependent(s) will not seek or accept

any money or other personal relief from such monetary recovery until the Fund is reimbursed in full.

7. All parties to this Agreement agree that the undersigned Participant's or dependent(s)' obligation to repay the Fund has priority over other obligations they may have, including any obligation to pay attorneys fees out of the recovery. Absent agreement by the Fund's Trustees, neither the undersigned Participant or dependent(s), nor the undersigned attorney, may reduce the amount due the Fund to account for payment of attorneys fees or other obligations.

8. If repayment in full is not promptly made, the undersigned Participant and dependent(s) understand that future health and welfare benefits, including death benefits, will not be paid on the Participant's and dependent(s)' behalf until such time as the Fund offsets the full amount due to be reimbursed under this Agreement and/or the Fund's subrogation rules plus 10% interest per annum.

9. If repayment in full is not promptly made, the Fund shall also have the right to pursue other legal remedies to collect monies due pursuant to this Agreement. If the Fund prevails in a lawsuit to enforce this Agreement and/or the Fund's subrogation rules, the Fund shall be entitled to recover monies due pursuant to this Agreement, as well as interest at the rate of 10% per annum and reasonable attorneys fees.

(PLEASE SIGN AND DATE IN THE SPACE BELOW.)

PARTIES TO THIS AGREEMENT:

1. Participant: *Todd P. Hicks*                    Date: *July 8, 2004*

2. Dependent: _____    Date: _____

3. Dependent: _____    Date: _____

4. Attorney Representing Participant or Dependent(s):

_____         _____
Name (Please Print)                     Telephone No.

_____         Date: _____
Attorney's Signature

(If an attorney has not been engaged, check here ☐ )
*If you retain an attorney at a later date, you must notify the Fund Office immediately.*

5. For the Fund: _____    Date: _____

PLEASE NOTE: BENEFIT PAYMENTS WILL NOT BE ADVANCED BY THE FUND UNTIL THIS AGREEMENT IS COMPLETED AND FULLY EXECUTED.