IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 06-0317RJL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONTINUANCE TO TAKE DISCOVERY UNDER RULE 56(f), FED. R. CIV. P.**

Children's National Medical Center ("Children's") and Benefit Recovery Specialists, Inc. ("BRSI") (collectively "Plaintiffs") file this Reply Memorandum of Points and Authorities in Support of their Motion for Continuance to take discovery under Rule 56(f), Fed. R. Civ. P.

## I.
## PROCEDURAL BACKGROUND

1.  On January 12, 2006, Plaintiffs filed their Original Complaint against Defendants Todd Hicks, Individually, and on behalf of Todd Hicks Jr., Deceased (collectively the "Hicks Defendant" unless noted otherwise), and Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 ("Local 639") in the Superior Court for the District of Columbia. On February 3, 2006, Plaintiffs filed their First Amended Complaint and a Motion for Leave seeking to add the Health Fund as a Defendant along with an additional theory of recovery based on alter ego.

2.  The Health Fund filed its Notice of Removal with the Superior Court of the District of Columbia on or about February 23, 2006. Six days later, on March 1, 2006, without giving the parties time to conduct any discovery, the Health Fund filed it Motion to Dismiss and Memorandum of Points and Authorities in Support of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion to Dismiss"). The Health Fund has not since amended or supplemented its Motion to Dismiss.

3.  After further investigating the facts, claims, damages and the relationship between the parties, Plaintiffs then sought leave on March 13, 2006, to file their Second Amended Complaint. The Court granted Plaintiffs' leave and filed Plaintiffs' Second Amended Complaint, Subject to, and Without Waiver, of Motion to Remand on March 21, 2006. The parties then filed, and the Court approved, two consecutive motions to stay all proceedings from approximately March 31, 2006 until August 6, 2006.

4.      Plaintiffs' Second Amended Complaint, based on further investigation, no longer alleges an assignment of benefits from a participant of an ERISA benefit plan to Plaintiffs. Plaintiffs' causes of action, as alleged in the Second Amended Complaint, instead are based on a separate contractual agreement Children's had either directly or indirectly with the Health Fund, Local 639 and/or other third parties. In doing so, Plaintiffs have cured all of the alleged deficiencies addressed in the Health Fund's Motion to Dismiss.

## II.
## DISCUSSION
### Plaintiff's Seek Discovery Under Rule 56(f), Fed. R. Civ. P.

5.      Defendant's Motion, in reality, is more appropriately considered a Motion for Summary Judgment. *See* FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). The Health Plan's Motion presents and refers to a declaration, a Summary Plan Description alleged to be the Health Plan's ERISA plan in place at the time of the care provided, and other matters outside the pleadings. It should therefore be considered a Motion for Summary Judgment under FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(b).

6.      When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a reasonable opportunity to present all material made pertinent to such a motion by Rule 56 and a chance to pursue reasonable discovery. *Taylor v. Federal Deposit Ins. Corp.*, 132 F.3d 753, 765 (D.C. Cir. 1997). After adequate time for discovery has passed, the court may grant summary judgment. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986). Rule 56(f) motions should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence. *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995). A party opposing summary judgment needs a reasonable opportunity to complete discovery before responding to a summary judgment motion and insufficient time or opportunity to engage in discovery is cause to defer decision on motion. *Khan v. Parson Global Services, Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005). In spite of this, however, the Health Fund has produced documents and declaration testimony for the Court to consider, without first having given the parties time for discovery (and before the Local 639 Defendant has made any appearance).

    7.    Plaintiffs seek discovery under Rule 56(f) on the following issues:

    a.    the contracts or agreements between the parties;

    b.    the contracts or agreements between Children's and Alliance/MAMSI and M.D. IPA, and the enforceability of any such contract or agreement on any third parties such as the Health Fund or Local 639;

    c.    the contracts or agreements between the Health Fund and/or Local 639 and Alliance/MAMSI, and any third party beneficiaries to any such contract or agreement such as Children's;

    d.    any contracts, agreements or affiliations between the Health Fund and/or Local 639 and the Health Care Cost Containment Corporation of Mid-Atlantic Region or any other health care purchasing coalition or any other health and welfare trust fund;

    e.    discovery regarding any statements or correspondence between the Health Fund and/or Local 639 (directly or indirectly through their agents) and Children's regarding promises or assertions that the Health Fund or Local 639 would pay for the medical

services Children's provided Mr. Hicks. For a more detailed discussion of the promises made by the Health Fund or Local 639 to Children's *see* the Declaration of Lester Poris (Plaintiffs attached to their Opposition Brief the declaration of Lester Poris as **Exhibit C** which is incorporated herein); and

f.      the relationship between the Health Fund and Local 639 and their communications with third parties to determine whether the Health Fund is the alter ego of Local 639 or vice versa.

*See* **Exhibit A** (Declaration of Kenneth P. Kaplan).

8.      This discovery goes to the very heart of Plaintiffs' breach of contract, breach of duty of good faith and fair dealing, quantum meruit, and misrepresentation/fraud causes of action. This discovery, as Plaintiffs have alleged and as supported by the Declaration of Lester Poris, will reveal factual disputes at issue in this case, including, *inter alia*, a direct or indirect contractual relationship between Children's and the Health Fund and/or Local 639 wherein the Health Fund and/or Local 639 agreed to reimburse Children's for medical services provided to Mr. Hicks. Moreover, much of this information is in the possession of the Health Fund, Local 639 or third parties to which Plaintiffs have no right to control. As a result, Plaintiffs have been unable to obtain this discovery in the less than two months that have lapsed since the filing of this lawsuit (January 12, 2006) and the Health Fund filing their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (March 1, 2006). Additionally, the parties have engaged in settlement discussions which has severely limited Plaintiffs ability to conduct discovery in these areas. Accordingly, the Court should grant Plaintiff's request to take discovery under Rule 56(f), Fed. R. Civ. P., prior to the Court's ruling on the Health Fund's Motion to Dismiss because it will provide Plaintiffs the opportunity to bring genuine issues of

material fact in dispute to light and present facts essential to their opposition to the Motion to Dismiss without prejudicing the parties.

9. Plaintiffs' request to take discovery pursuant to Rule 56(f) Fed. R. Civ. P. is not for delay, but so that justice may be done.

### III.
### CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc. request that Defendant Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, be denied in its entirety. Moreover, Plaintiffs request that their Motion to Remand be granted. Alternatively, to the extent Plaintiffs' Motion for Remand is denied, Plaintiffs ask the Court to defer its ruling on the Health Fund's Motion to Dismiss or in the alternative, pursuant to Plaintiffs' Motion for Continuance, to grant Plaintiffs additional time to conduct FED. R. CIV. P. 56(f) discovery to more fully address the issues in the Health fund's Motion. Plaintiffs additionally request for any other and further relief to which Plaintiffs may be entitled.

Dated this 21st day of August 2006.

>Respectfully submitted,
>
>GREENBERG TRAURIG, LLP
>
>By: _/s/ L. Bradley Hancock / bpk_
>L. Bradley Hancock *(Admitted Pro Hac Vice)*
>District of Columbia Bar No. 465746
>GREENBERG TRAURIG, LLP
>1000 Louisiana, Suite 1800
>Houston, TX 77002
>(713) 374-3500 (Telephone)
>(713) 374-3505 (Facsimile)
>
>Kenneth P. Kaplan
>District of Columbia Bar No. 460614
>GREENBERG TRAURIG, LLP
>800 Connecticut Avenue, NW, Suite 500
>Washington, DC 20006
>(202) 331-3191 (Telephone)
>(202) 261-0156 (Facsimile)
>
>ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on all known counsel of record and via certified mail, return receipt requested upon:

Todd Hicks
1011 Red Maple View Terrace
Churchton, MD 20733

Local Union No. 639 Building, Inc.
3100 Ames Place, NE
Washington, DC 20018

_/s/ Kenneth P. Kaplan_