UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et. al. <br><br> Plaintiffs, <br><br> v. <br><br> TODD HICKS, et. al <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 06-0317RJL <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST FUND'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

When an employer chooses to provide welfare benefits to its employees, or when it arranges to have welfare benefits provided to its employees on its behalf (through a multiemployer plan, for example), ERISA specifies that the welfare benefits have to be provided pursuant to a "plan." *See* ERISA Section 3(1), 29 U.S.C. § 1002(1). ERISA further directs the plan's fiduciaries to explain the terms of the plan in a "summary plan description" that must be disseminated to plan participants. *See* ERISA Section 102(b), 29 U.S.C. § 1022(b). And, ERISA commands the plan's fiduciaries to "discharge [their] ... duties with respect to a plan solely in the interest of the participants and beneficiaries and *in accordance with the documents and instruments governing the plan* ...." *See* ERISA Section 404(a)(1)(D) (emphasis added), 29 U.S.C. § 1104(a)(1)(D). To ensure that these obligations are enforced uniformly by the courts, Congress specified that ERISA "shall supercede any and all State laws insofar as they may now or here after relate to any employee benefit plan." *See* ERISA Section 514(a), 29 U.S.C. §

1144(a). For purposes of ERISA preemption, "State laws" include "all laws, decisions, rules, regulations or other State action having the effect of law ...." *See* ERISA Section 514(c)(1), 29 U.S.C. § 1144(c)(1).

The fundamental problems with the Children's National Medical Center's Second Amended Complaint ("Complaint") are twofold. First, the Complaint asks this Court to order the Teamsters Local 639 – Employers Health Trust Fund ("Fund") -- a welfare benefit plan that is governed by ERISA -- to pay out benefits that are expressly *disallowed* by the terms of Fund's summary plan description. *See* Summary Plan Description at 76 (Providing that: "The [subrogation] form must be completed *before* the Fund will make payments on your or your dependents' behalf").[1] Second, the Complaint seeks to invoke state law as authority for that request, notwithstanding the Supreme Court's admonition that ERISA preemption is "deliberately expansive, and *designed to 'establish [employee benefit] plan regulation as exclusively a federal concern.'*" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) (emphasis added).

The Court should reject the Plaintiff's invitation to apply state law. State law cannot properly be invoked to compel an ERISA plan to pay out ERISA covered benefits in circumstances or in a manner that is inconsistent with the terms of an ERISA plan document. Accordingly, Plaintiffs' Complaint should be dismissed.

---

[1] A copy of the Summary Plan Description was attached to the Fund's Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, for Summary Judgment as Exhibit 3.

## ARGUMENT

### I. Plaintiffs' State Law Claims Against The Fund Are Conflict Preempted By ERISA Section 514

The leading treatise, *Employee Benefits Law*, opens the Chapter entitled "Application of Preemption to Particular Claims" with the following passage:

> Courts uniformly have held that state law claims seeking payment of benefits under an employee benefit plan or seeking damages based upon a failure to pay such benefits are preempted by ERISA regardless of the theory of the action. Thus, whether styled as claims for breach of contract, estoppel, breach of the implied covenant of good faith and fair dealing, infliction of emotional distress, or other torts, such claims are preempted.

ABA Section of Labor & Employment Law, *Employee Benefits Law*, 812 (2d ed. 2000) (citing cases from the Supreme Court and the 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th and D.C. Circuits).

Plaintiffs' Complaint purports to assert state law claims for breach of contract, breach of duty of good faith and fair dealing, quantum meruit, misrepresentation and/or fraud, and alter ego. These claims plainly "relate to" an "employee benefit plan" within the meaning of ERISA Section 514. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). The Supreme Court has said that a state law claim "relates to" an employee benefit plan if "it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). Significantly, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d

1395, 1401 (6th Cir. 1995) (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)).

When a state law claim relates directly to the operation and administration of an ERISA covered employee benefit plan by demanding that the plan pay a provider for a claim incurred by a plan participant, it is conflict preempted by Section 514, and must be dismissed. Numerous decisions in this Circuit and elsewhere recognize this point. *See Krooth & Altman v. North Am. Life Assur. Co.*, 134 F. Supp. 2d 96, 101 (D.D.C. 2001) (finding that such claims "directly 'relate to' the employee benefit plan because such claims presuppose the existence of a contract", and therefore, "[t]hese claims must be dismissed as preempted by ERISA."); *Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 197 (D.D.C. 2000) (concluding "that plaintiffs' common law misrepresentation claim is preempted by ERISA and must be dismissed."); *Psychiatric Institute of Washington, D.C., Inc., v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24 (D.D.C. 1992) (holding that ERISA preempted the health care providers state law claims because they "not only 'relate' to an employee benefit plan, they depend on an employee benefit plan."); *See also, Moore v. Blue Cross & Blue Shield of the Nat'l Capital Area,* 70 F. Supp. 2d 9, 19 (D.D.C. 1999) (recognizing that the phrase "relate to" in Section 514(a) of ERISA is to be given an "expansive reading.")..

Notwithstanding all of this contrary authority, the Plaintiffs continue to claim that they can properly sue the Fund for benefits on a state law contract theory, among others. Perhaps the oddest thing about their contract argument is that it is based upon a contract to which the Fund is not a party. The Plaintiffs rely on an agreement that purports to be between Children's National Medical Center and M.D. Individual Practice Association, Inc. ("MDIPA"), which defines MDIPA as the "Health Fund" and which provides that MDIPA will pay Children's National

Medical Center for "Covered Services" at discounted rates. (The Plaintiffs call this agreement the "Children's Service Agreement," a reference we will adopt herein.) "Covered Services" is in turn defined in the Children's Service Agreement as "those health services which are covered by" MDIPA in accordance with the "Evidence of Coverage" issued by MDIPA. *See* Articles I(A) and (C).[2] The Plaintiffs claim that MDIPA and Children's allowed Alliance PPO, Inc. to become a party to the Children's Service Agreement so that the employers and benefit plans that belong to the Alliance PPO would also be able to receive the discounted rates from Children's National Medical Center. Next, the Plaintiffs acknowledge that the Fund signed a separate agreement to participate in the Alliance PPO in order to obtain discounts from preferred providers like Children's National Medical Center. So far, so good. But, then, there is the mind boggling and impermissible leap of faith.

The Plaintiffs assert that, because the Fund agreed to participate in the Alliance PPO, the Fund became contractually bound to pay all benefit claims that Children's thinks are covered by the Fund, even if it turns out that those claims are not actually covered by the Fund. The problem with Plaintiffs' assertion is that, even if ERISA allowed an employee benefit plan to provide benefits that are not actually covered by the plan (and we submit it does not, because benefits have to be described in a plan, summary plan description or summary of material modification to a plan), **Plaintiffs can point to no contractual provision in any agreement that bound the Fund to pay anything other than the benefits provided for in the Fund's summary plan description**. This court, however, need not involve itself in such a contract review. The law is clear that claims for benefit payments from an employee benefit plan, made by or on behalf of a plan participant, may only lie under ERISA. *See Bd. of Trs. of the Hotel &*

---

[2] A copy of the Children's Service Agreement was attached to Plaintiffs' Opposition to Defendant Fund's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, for Summary Judgment as Exhibit E.

*Rest. Employees Local 25 v. Madison Hotel, Inc.*, 97 F. 3d 1479, 1486-87 (D.C. Cir. 1996) ("[E]ven general common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered by ERISA, will nonetheless be preempted insofar as they affect ERISA protected rights."). All of Plaintiffs' state law claims must be dismissed.[3] If the Plaintiffs do not have or cannot find an assignment of Todd Hicks' rights to benefits under the Fund, in order to have standing to sue under ERISA, then they are completely out of luck, at least with respect to claims against the Fund. Their remedies, if any, must be sought from the individual defendants who allegedly agreed to accept responsibility for payment for services rendered.

## II. Plaintiffs' Claim For Fraud And/Or Misrepresentation Fails To Meet The Pleading Requirement of Fed. R. Civ. P. 9(b)

Plaintiffs claim that the allegations of fraud and/or misrepresentation contained in their Complaint satisfy the pleading requirements of the Federal Rules of Civil Procedure. Plaintiffs provide no support for their contention, and instead cite to a declaration of an employee of Children's National Medical Center, which by its terms, demonstrates that the declarant lacks personal knowledge of many of the facts attested to. Nevertheless, even if the Court allows Plaintiffs to supplement or amend their fraud and/or misrepresentation claim with the Declaration of Lester Poris, Plaintiffs still fail to state their claim "with particularity," as required by Federal Rule Civil Procedure 9(b).

These conclusory statements in the Poris Declaration contain none of the required elements to state a claim for fraud. For example, Plaintiffs to fail to allege: who at

---

[3] The authorities cited by the Plaintiffs, *e.g., Pascack Valley Hosp. Inc., v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F. 3d 393 (3d Cir. 2004) (a complete preemption/removal jurisdiction case), do not change the ERISA conflict preemption result under Section 514 of ERISA. *See Pascack Valley Hosp.* at 404 (recognizing that the hospital's state law claims may nevertheless be conflict preempted under Section 514 of ERISA).

Alliance/MAMSI represented "that Local 639 would pay the charges that we had agreed to with our contract with Alliance/MAMSI" (Poris Dec. ¶ 3); who at Children's National Medical Center accepted the representation and proceeded to provide care without "request[ing] payment up front" (*Id.*); who at Alliance represented to Plaintiffs that they had authority to act on behalf of the Defendant Fund in matters involving coverage and eligibility (*See id.*); and who at Children's National Medical Center received that representation. Further, Plaintiffs fail to allege any facts suggesting that the Fund intended to induce reliance by Children's National Medical Center, or that Children's National Medical Center would not have rendered medical services to the severely injured Todd Hicks, Jr. in the absence of the alleged representation by the Defendant Fund. Assuming arguendo that the fraud or misrepresentation claim could survive an ERISA preemption challenge, Plaintiffs' conclusory allegation that the Fund "knowingly made material misrepresentations and/or committed fraud with the intent to deceive" is simply insufficient to support a cause of action for fraud under Rule 9, and should therefore be dismissed. *See Bender v. Rocky Mountain Drilling Assocs.*, 648 F. Supp. 330, 336 (D.D.C. 1986) (finding that a complaint replete with conclusory and unsubstantiated allegations of fraud is "patently insufficient under Rule 9(b).") (citing *Equitable Life Assurance Society v. Alexander Grant & Co.*, 627 F. Supp. 1023, 1030 (S.D.N.Y. 1985)).

### III. Plaintiffs Failed To Exhaust Their Administrative Remedies Under The Plan

Even if Plaintiffs have standing to pursue an ERISA claim (by finding an assignment in their files) Plaintiffs' claim for benefits from the Fund would fail because Plaintiffs failed to exhaust their administrative remedies under the Plan.

Plaintiffs oppose Defendant Fund's Motion by asserting that "an exhaustion of administrative remedies here would be futile...." Plaintiffs' Memorandum ¶ 39, 42. Plaintiffs

cite to *Communications Workers of America v. American Telephone and Telegraph Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994), stating that "this Circuit has recognized an exception to the exhaustion of administrative remedies requirement when … exhaustion of administrative remedies would be futile." Plaintiffs' Memorandum ¶ 39. Although Plaintiffs are correct that this Court "as recognized a *discretionary* exception to the exhaustion requirement where resort to administrative remedies would be futile because of the certainty of an adverse decision," *Communications Workers of America*, 40 F.3d at 432 (emphasis added), this Court has also recognized that "'[t]he futility exception is, however, quite restricted,' and has been applied only when resort to administrative remedies is 'clearly useless.'" *Id.* (quoting *Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986) ("In order to come under the futility exception, [plaintiffs] must show that it is *certain* that their claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision.") (emphasis added)).

In *Communications Workers of America*, the district court held that exhaustion of remedies under the Plan would have been futile. On appeal, however, the D.C. Circuit disagreed, finding that:

> [o]ther than the denial of initial benefits claims, there [was] nothing in the record that demonstrate[d] that exhaustion of the Plan's administrative remedies by appellees would have been futile. Because the Plan's final review authority, the Benefits Committee, never had an opportunity to render a final determination on appellees' claims, [the Court] fail[ed] to see any basis for finding that an unfavorable decision by that Committee was a foregone conclusion. Even if one were to concede that an unfavorable decision from the Benefits Committee was *highly likely*, that does not satisfy [the] strict futility standard requiring a *certainty* of an adverse decision. Simply put, the denial of initial claims, which is all the record reveals, is not enough to show futility of internal Plan remedied.

*Id.* at 433 (concluding "that the District Court abused its discretion by excusing appellees' failure to exhaust their administrative remedies under the Plan.").

In the case at bar, Plaintiffs cite a list of reasons as the "basis for a finding of futility as to Defendant's exhaustion defense." Plaintiffs' Memorandum ¶ 42. None of the reasons cited by Plaintiffs, however, demonstrate that exhaustion of the Plan's administrative remedies by Plaintiffs would have been futile. Similar to the facts in *Communications Workers of America*, the Fund's final review authority never had an opportunity to hear or consider all of the facts surrounding Plaintiffs' claim of entitlement to payment (e.g. the facts identified in the Poris Declaration) or otherwise render a final determination on whether those facts have a bearing on the outcome of Plaintiffs' claim for benefits. Therefore, there is no basis for finding that "an unfavorable decision by [the Fund] was a foregone conclusion." 795 F.2d at 105. Furthermore, even if Plaintiffs had alleged, which they clearly do not, that an unfavorable decision from the Fund was *highly likely*, Plaintiffs' allegation would not satisfy the "strict futility standard requiring a *certainty* of an adverse decision." *Id.* Because Plaintiffs failed to appeal the non-payment of the bill, Plaintiffs' claim for benefits should be dismissed for failing to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Rule 56, Plaintiffs' claims against the Fund should be dismissed in their entirety, with prejudice.

Date: September 12, 2006

Respectfully submitted,

_____
Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (D.C. Bar No. 496400)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

202.739.3000 (Telephone)
202.739.3001 (Facsimile)
dhavermann@morganlewis.com
bdepietto@morganlewis.com

Counsel for Defendant Teamsters Local
639 – Employers Health Trust Fund

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on this 12th day of September 2006, that a copy of the foregoing Reply Memorandum in Support of Defendant Teamsters Local 639 – Employers Health Trust Fund's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, for Summary Judgment was served on the following by the means indicated:

Via First Class Mail, postage pre-paid:

>L. Bradley Hancock
>Greenberg Traurig, LLP
>1000 Louisiana, Suite 1800
>Houston, TX 77002
>
>Kenneth P. Kaplan
>Greenberg Traurig, LLP
>800 Connecticut Avenue, NW, Suite 500
>Washington, DC 20006
>
>Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.

Via First Class Mail, postage pre-paid:

>Lawrence Thrower
>1229 15th Street, NW
>Washington, DC 20005
>
>Attorney for Defendant Hicks

Via First Class Mail, postage pre-paid:

>Local Union No. 639, Building, Inc. d/b/a
>International Brotherhood of Teamsters,
>Local 639 and d/b/a Local 639
>3100 Ames Place, N.E.
>Washington, DC 20018
>
>Named Local 639 Defendant

_____
Bridgit M. DePietto