UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TODD HICKS, et al.<br><br>            Defendants. | No.:   06-0317RJL |

**DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTINUANCE TO CONDUCT RULE 56 DISCOVERY**

Pursuant to LCvR 7(b), Defendant Teamsters Local 639 – Employers Health Trust Fund ("Defendant Fund" or the "Fund"), through its undersigned counsel, hereby opposes Plaintiffs' Motion for Continuance to Conduct Rule 56 Discovery.

**ARGUMENT**

Rule 56(f) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order a continuance and to allow for further discovery where "it appear[s] from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition. . ." Fed. R. Civ. P. 56(f). The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v.*

*United States EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). *See also Hotel & Restaurant Employees Union,* 804 F.2d at 1269 (finding that the nonmoving party has the burden of showing what facts he hopes to discover that would create a triable issue and what reason justifies his inability to produce them on the motion) (citing *Exxon Corp. v. FTC*, 663 F.2d 120, 126-27 (D.C. Cir. 1980)).

Plaintiffs have not met the Rule 56(f) burden set forth above. Plaintiffs' seek discovery under Rule 56(f) on the following issues:

a. the contracts or agreements between the parties;

b. the contracts or agreements between Children's and Alliance/MAMSI and M.D. IPA, and the enforceability of any such contract or agreement on any third parties such as the Health Fund or Local 639;

c. the contracts or agreements between the Health Fund and/or Local 639 and Alliance/MAMSI, and any third party beneficiaries to any such contract or agreement such as Children's;

d. any contracts, agreements or affiliations between the Health Fund and/or Local 639 and the Health Care Cost Containment Corporation of Mid-Atlantic Region or any other health care purchasing coalition or any other health and welfare trust fund;

e. discovery regarding any statement or correspondence between the Health Fund and/or Local 639 (directly or indirectly though their agents) and Children's regarding promises or assertions that the Health Fund or Local 639 would pay for the medical services Children's provided Todd Hicks Jr.; and

f. the relationship between the Health Fund and Local 639 and their communications with third parties to determine whether the Health Fund is the alter ego of Local 639 or vice versa.

(Declaration of Ken Kaplan ¶ 3; Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Continuance to Conduct Rule 56 Discovery ("Plaintiffs' Memorandum") ¶ 17.).

The Plaintiffs admit that the Rule 56(f) discovery they seek "goes to the very heart of Plaintiffs' breach of contract, breach of duty of good faith and fair dealing, quantum meruit, and misrepresentation/fraud causes of action." (Plaintiffs' Memorandum ¶ 18.). These state law claims, however, are the subject of the Fund's *motion to dismiss*, not its motion for summary judgment. The Fund *moved to dismiss* Plaintiffs' state law claims for breach of contract, breach of duty of good faith and fair dealing, quantum meruit, misrepresentation/fraud and alter ego because they are preempted by application of Section 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1144. Defendant Fund also *moved to dismiss* Plaintiffs' alter ego and fraud and/or misrepresentation claims because these claims failed to state a claim upon which relief can be granted. No discovery is necessary to determine whether Plaintiffs' Second Amended Complaint properly survives a Rule 12(b)(6) motion.

The Fund's alternative request *for summary judgment* does not address the state law claims. Rather it asserts that, to the extent Plaintiffs' claims are re-characterized as federal claims for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), Plaintiffs either lacked standing to file a claim to recover benefits against the Fund, or Plaintiffs failed to exhaust their administrative remedies before bringing a civil action against the Fund, and the Fund's written Summary Plan Description requires a benefit claim denial in cases – such as the case here – where a third party is responsible for the participant's dependent's injuries and the participant failed to provide the Fund with a *completed* subrogation agreement.

Significantly, Plaintiffs' Rule 56(f) declaration fails to identify *any* facts they seek to discover which are necessary for their opposition to the Fund's alternative *motion for summary judgment*. For this reason, Plaintiffs' Motion for Continuance to Conduct Rule 56 Discovery must be denied. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 153-155 (D.C. Cir. 2002) (finding that failure to demonstrate how further discovery would produce any issues of material fact is appropriate ground upon which to deny request for discovery extension on motion for summary judgment); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001) (finding that district court properly ruled on motion for summary judgment without permitting further discovery, absent identification of any facts essential to opposing motion as to which discovery was needed); *Broaddrick v. Executive Office of President*, 139 F. Supp.2d 55 (D.D.C 2001) (finding that "merely stating that 'discovery has yet to commence' is insufficient to respond to a properly-supported motion for summary judgment[;] party opposing summary judgment must 'indicate what facts she intends to discovery that would create triable issue.'").

## CONCLUSION

Based on the foregings, Defendant Fund respectfully requests that the Court deny Plaintiffs' Motion of Continuance to Conduct Rule 56 Discovery.

Date: September 18, 2006

Respectfully submitted,

*/s/ Bridgit DePietto*

Donald L. Havermann (D.C. Bar No. 337774)
Bridgit M. DePietto (D.C. Bar No. 496400)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
202.739.3000 (Telephone)
202.739.3001 (Facsimile)
dhavermann@morganlewis.com
bdepietto@morganlewis.com

Counsel for Defendant Teamsters Local
639 – Employers Health Trust Fund

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, on this 18th day of September 2006, that a copy of the foregoing Defendant Teamsters Local 639 – Employers HealthTrust Fund's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Continuance to Conduct Rule 56 Discovery was served via First Class Mail, postage pre-paid on the following:

L. Bradley Hancock
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002

Kenneth P. Kaplan
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006

*Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.*

Lawrence Thrower
1229 15th Street, NW
Washington, DC 20005

*Attorney for Defendant Todd Hicks*

Local Union No. 639, Building, Inc. d/b/a
International Brotherhood of Teamsters,
Local 639 and d/b/a Local 639
3100 Ames Place, N.E.
Washington, DC 20018

*Named Local 639 Defendant*

Sheila Sesker
1057 Marlboro Road
Lothian, MD 20711

*Defendant Sheila Sesker*

_____
Bridgit M. DePietto