IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 06-0317RJL |

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR CONTINUANCE**

Children's National Medical Center ("Children's") and Benefit Recovery Specialists, Inc. ("BRSI") (collectively "Plaintiffs") file this Reply Memorandum of Points and Authorities in Support of their Motion for Continuance.

# I.
# INTRODUCTION

1. This reply memorandum is filed in support of Children's and BRSI's request for discovery in conjunction with Defendants' motion to dismiss, or in the alternative, motion for summary judgment.

2. This case arises out of several contracts between Children's (a local hospital), Defendants (a union health fund and the local union), and a national purchasing agent, Alliance PPO. Through this lawsuit, Children's seeks payment for health care services provided to a minor child. While the contracts require payment for the services rendered, Defendants refuse to pay Children's for the services provided. Instead, Defendants contend that they are either not bound by the contracts or, alternatively, that the contracts are preempted by ERISA. Ultimately, however, Defendants contend that they should not pay for health care services based on an absurd position that if the patient's attorney does not sign off on the patients' claims, the health fund should not have to pay the health care provider. This alleged requirement is not contained in the agreements between the parties.

3. Irrespective of the positions of the parties, Defendants have asked this Court to grant summary judgment against Plaintiffs *and* to deny Plaintiffs the opportunity to conduct discovery. Defendants cannot have it both ways. While Defendants' motion should ultimately be denied, in the interim, Plaintiffs should be granted an opportunity to conduct the discovery on the agreements at issue, the obligations of the parties, and misrepresentations made to the Plaintiffs.

## II.
## DISCUSSION

A. **The Health Fund Cannot Include Summary Judgment Evidence in its Motion to Dismiss and Then Also Deny Plaintiffs Discovery Directly Related to the Health Fund's Dispositive Motion.**

4. Defendant Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund's ("Health Fund") seeks the best of both worlds. On the one hand, it has filed a motion to dismiss which includes a declaration and other summary judgment evidence for the court to consider, while on the other hand, it requests that the court deny Plaintiffs' continuance to conduct discovery to properly respond to a converted summary judgment motion, regardless of the fact that Plaintiffs are procedurally entitled to discovery prior to a ruling on a summary judgment motion. The Health Fund cannot have it both ways.

5. The Health Fund, for the first time, now claims that their alternative motion for summary judgment is not directed to Plaintiffs' state law claims, but instead only applies "to the extent Plaintiffs' claims are re-characterized as federal claims for benefits under Section 502(a)(1)(B) of ERISA." Health Fund Opp. at pg. 3. Such a claim is disingenuous as it is contrary to the Health Fund's prior filings and Plaintiffs' Second Amended Complaint.

6. Plaintiffs have repeatedly acknowledged and plead that they are not asserting a claim under ERISA. This is evident from the Second Amended Complaint. Plaintiffs have elected, as it is their right to do, to not assert a claim based on a possible assignment from an ERISA plan participant or beneficiary. Plaintiffs are asserting a claim for a breach of contract and for misrepresentation under state law. Plaintiffs even admit in their response to the Health Fund's motion that they do not have standing to prosecute their claims for breach of the service agreement under ERISA. As a result, the Health Fund's motion for summary judgment on this

claim is moot and not properly before the court since Plaintiffs are not asserting an ERISA claim. Therefore, taking into account the Health Fund's account that the summary judgment evidence only applies to an alternative ERISA claim, the Health Fund should withdraw all summary judgment evidence and argument since Plaintiffs have not asserted an ERISA claim.

7. Irrespective of Plaintiffs' Second Amended Complaint, the Health Fund's motion to dismiss is filled with summary judgment evidence. For starters, the "statement of undisputed facts" section of the motion to dismiss is replete with citations to a declaration and other summary judgment evidence outside of the pleadings. The Health Fund even acknowledges in footnote 3 of its motion that, "Defendant Fund submits these undisputed material facts in connection with its alternative request for summary judgment." Health Fund Motion to Dismiss at p. 3, n. 3. If the Health Fund's "statement of undisputed facts" only applies to an alternative ERISA claim, which Plaintiffs have not asserted, then the Health Fund's "statement of undisputed facts" section along with any other summary judgment evidence contained within the motion should not be considered. The Health Fund, however, stops short of asserting that the summary evidence they attached to their motion should not be considered by the court in other respects beyond this alternative claim and stops short of withdrawing this irrelevant evidence.

8. Instead, at least with respect to the Summary Plan Description ("SPD"), the Health Fund claims that the court can nonetheless consider the SPD solely because Plaintiffs' Second Amended Complaint refers to a "health policy." This conclusion by the Health Fund neglects the numerous circuit cases it cites in its own pleading, which hold that a document attached to a motion which is referenced in the complaint *and* central to the claim does not covert the motion into a motion for summary judgment. *Marsh v. Hollander*, 339 F.Supp.2d 1, 5 n.4 (D.D.C. 2004) ("where a document is referred to in the complaint and is central to plaintiff's

4

claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment"). Plaintiffs' Second Amended Complaint refers to a "health policy" only to provide context, but a simple reading of the Complaint reveals that the "health policy" is *not* central to Plaintiffs' claims. Instead, the Alliance/MAMSI/MAPSI contracts at issue are central to the claims asserted, not the "health policy" or the SPD. The Health Fund also cites to a declaration on three separate occasions in what it now appears to characterize as its motion to dismiss. Accordingly, if the SPD, the declaration or any other summary judgment evidence is considered, it should convert the motion to dismiss into one for summary judgment and deny the motion to allow for the discovery requested.

9. Additionally, and in direct contradiction to its request to deny Plaintiffs discovery, the Health Fund argues the merits of the lawsuit by, in one instance, stating in its reply to the motion to dismiss that, "Plaintiffs can point to no contractual provision in any agreement that bound the Fund to pay anything other than the benefits provided for in the Fund's summary plan description."[1] The reply also cites to and refers to the SPD on several occasions, along with making several legal arguments about the various contracts at issue, the very same contracts that are the subject of the discovery requested. This is additional proof of the Health Fund's attempt to convert its motion to dismiss into one for summary judgment.

10. The Health Fund cannot include summary judgment evidence in its motion to dismiss, request that the court consider such evidence and then deny Plaintiffs discovery. By including summary judgment evidence in its motion to dismiss and requesting that the court consider such evidence, the Health Fund has converted its motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered

---

[1] While the Health Fund's assertion is inaccurate, the Health Fund ignores the fact that their position calls for a summary judgment analysis rather than a review under Fed.R.Civ.P. 12(b)(6).

(6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). Plaintiffs are entitled to discovery in order to properly respond to the Health Fund's motion for summary judgment and summary judgment evidence.

11.   The discovery Plaintiffs have requested, which is supported by the previously-filed Declaration of Lester Poris[2] and **Exhibit A** attached hereto, will further reveal factual disputes at issue in this case, including, *inter alia*, a direct or indirect contractual relationship between Children's and the Health Fund and/or Local 639 wherein the Health Fund and/or Local 639 agreed to reimburse Children's for medical services provided to Mr. Hicks. Accordingly, the Court should grant Plaintiff's request to take discovery under Rule 56(f), Fed. R. Civ. P., prior to the Court's ruling on the Health Fund's motion because it will provide Plaintiffs the opportunity to bring genuine issues of material fact in dispute to light and present facts essential to their opposition to the Health Fund's motion without prejudicing the parties. *See* Declaration of Kenneth P. Kaplan attached as Exh. G to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the alternative, for Summary Judgment ("Plaintiffs' Memorandum"), which is incorporated herein by reference. Alternatively, the court should disregard all of the Health Fund's summary judgment evidence and summary judgment argument and instead should only consider Plaintiffs'

---

[2] A copy of the Declaration of Lester Poris was attached to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, for Summary Judgment as Exhibit B and is incorporated fully herein.

Second Amended Complaint on its face to determine whether Plaintiffs' can prove any set of facts that would entitle them to relief.

    **B.**    **Both Previously Produced and Recently Discovered Evidence Shows a Contractual Relationship Between Children's, the Health Fund and Alliance Further Proving the Adequacy of Plaintiffs' Discovery Request Prior to the Courts Ruling on the Health Fund's Dispositive Motion.**

    12.    The Health Fund has never denied the existence of a contractual relationship with Alliance or of a contractual relationship between Alliance and Children's. To deny this would be false and misleading because, in spite of the Health Fund's misleading assertions to the contrary, there is a direct chain of two agreements between Children's and the Health Fund.

    13.    The contracts at issue are attached to Plaintiffs' Memorandum. See Exhibits C, D, and E to Plaintiffs' Memorandum, which are incorporated here by reference. The exhibits demonstrate that there is a contractual relationship between the parties. Specifically, Exhibit D to Plaintiffs' Memorandum clearly demonstrates that the Health Fund entered into an agreement with Alliance PPO and MAPSI (collectively "Alliance") that enabled the Health Fund to participate in Alliance's contracts with health care providers *and* obligated the Health Fund with respect to Alliance's obligations pursuant to the terms of those agreements. See Exhibit D, sec. 1. This is the first contract of two contracts between the parties.

    14.    Exhibit E, the second contract between the parties ("Alliance-Children's Contract"), demonstrates that the "Health Plan", a party to the Alliance-Children's Contract, specifically includes Defendant Health Fund when reviewed with Exhibit D.[3] See Exhibit D and Exhibit E, Second Addendum to Alliance-Children's Contract, pg. 2, sec. c and pg. 1, sec. 1(a)-(b)). Exhibit D, as amended in the Second Addendum, also clearly states that the Health Fund is

---

[3] Exhibit C to Plaintiffs' Memorandum, part of the payment obligation Alliance and third parties owe to Children's, requires Alliance to send Children's bills to the payors for the payors to pay Children's pursuant to the "contract." See Exhibit C at pg. 1, para 5.

7

contractually bound by Alliance's contract with Children's and other providers, giving it the benefit of and binding it to Children's pursuant to the terms of the contract. Exhibit E, Second Addendum, sec. 1(b) ("Payor has access to Health Plan providers, including [Children's], and receives services from [Children's] under the terms of this [Alliance-Children's Contract]"). Notwithstanding the evidence already presented, Plaintiffs' are entitled to additional discovery relating to the Alliance-Children's Contract as well as the Health Fund's contract with Alliance.

15. In addition to Exhibits C, D, and E to Plaintiffs' Opposition, recently produced evidence further demonstrates the existence of a contractual relationship between the parties. The SPD specifically confirms that a contractual relationship exists between the Health Fund and Alliance ("The Board of Trustees has **_contracted_** with Alliance Preferred Provider Organization (Alliance PPO) to provide medical care to Plan participants."). See SPD, pp. 20, 82, 90, and 96 (emphasis added). The Health Fund's SPD goes on to state that Alliance PPO has over 27,000 participating providers and 235 participating hospitals. See SPD, pg. 20. As demonstrated by Exhibit E, Children's is one of the participating hospitals pursuant to the contract between the parties. A search of Alliance's website also reveals that Plaintiff Children's is an Alliance provider. See **Exhibit A** (website print out confirming Children's is an Alliance provider). The SPD also admits that Alliance enters into agreements with physicians, hospitals and other health care providers. See SPD, pg. 82. At the very least, in addition to Exhibits C, D, and E to Plaintiffs' Opposition, this provides an additional factual basis, although not required in the motion to dismiss context, supporting Plaintiffs' claims of a contractual relationship between Children's, Alliance, and the Health Fund. Further proof of the contractual relationship between the Health Fund and Alliance is evident from the SPD which provides the name and phone number for Alliance as the party to contact in order to obtain a pre-certification for medical

treatment under the Health Fund's contract with Alliance. *See* SPD, pg. 96. This is the same procedure Children's undertook upon Mr. Hicks' admission. *See* Declaration of Lester Poris, ¶ 3. These easily verifiable facts combined with the Health Fund's aggressive resistance to discovery on this contractual relationship is telling. Because such evidence is directly related to the Health Fund's motion for summary judgment, Plaintiffs seek and are entitled to discovery regarding the contractual relationship between Children's, the Health Fund and Alliance.

### III.
### CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc. request that Defendant Local Union No. 639, Building, Inc. d/b/a International Brotherhood of Teamsters, Local 639 and d/b/a Local 639 - Employer's Health Trust Fund's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, be denied in its entirety. Moreover, Plaintiffs request that their Motion to Remand be granted. Alternatively, to the extent Plaintiffs' Motion for Remand is denied, Plaintiffs ask the Court to defer its ruling on the Health Fund's Motion to Dismiss or in the alternative, pursuant to Plaintiffs' Motion for Continuance, to grant Plaintiffs additional time to conduct FED. R. CIV. P. 56(f) discovery to more fully address the issues in the Health Fund's Motion. Plaintiffs additionally request for any other and further relief to which Plaintiffs may be entitled.

Dated this 25th day of September 2006.

> Respectfully submitted,
>
> GREENBERG TRAURIG, LLP
>
> By: /s/ L. Bradley Hancock /LPK
>
> L. Bradley Hancock *(Admitted Pro Hac Vice)*
> District of Columbia Bar No. 465746
> GREENBERG TRAURIG, LLP
> 1000 Louisiana, Suite 1800
> Houston, TX 77002
> (713) 374-3500 (Telephone)
> (713) 374-3505 (Facsimile)
>
> Kenneth P. Kaplan
> District of Columbia Bar No. 460614
> GREENBERG TRAURIG, LLP
> 800 Connecticut Avenue, NW, Suite 500
> Washington, DC 20006
> (202) 331-3191 (Telephone)
> (202) 261-0156 (Facsimile)
>
> ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all known counsel of record on this 25th day of September, 2006 via ECF and upon the following:

Local 639 Defendant
R. Mark Winter, CFO/Administrative Manager
Authorized Agent for Service of Process
Local Union No. 639 , Building, Inc d/b/a
International Brotherhood of Teamsters
Local 639 and d/b/a Local 639
2100 Ames Place, NE
Washington, DC 20018
**VIA FIRST CLASS MAIL**

Defendant Sheila Sesker
Shelia Sesker
1057 Marlboro Road
Lothian, Maryland 20711
**VIA FIRST CLASS MAIL**

_____
Kenneth P. Kaplan