IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>&<br>SHELIA SESKER<br><br>Defendants. | Civil Action No. 06-0317RJL |

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF MINUTE ORDER DENYING ITS MOTION TO REMAND

Pursuant to Rule 59(e), Fed. R. Civ. P., Plaintiffs, Children's National Medical Center ("Children's") and BRSI L.P. d/b/a Benefit Recovery Specialists (collectively "Plaintiffs") seek reconsideration of the Court's Minute Order dated October 18, 2006.[1]

---

[1] Plaintiffs concurrently file a motion for Certification under 28 U.S.C. § 1292 (b).

## I. INTRODUCTION

Plaintiffs received a copy of the minute entry dated October 18, 2006 indicating that the Court deferred ruling on their Motion to Continue, but denied its Motion to Remand. Plaintiffs seek reconsideration of the Court's Minute Order denying its Motion to Remand on the grounds that it constitutes clear error. *See* Fed. R. Civ. P. 59(e). The Court's Minute Order provides no basis for a decision to keep this case. Based upon the parties' briefing, Plaintiffs believe that the only potential basis for the Court's decision is its incorrect view that this action falls within the Court's "Federal Question" jurisdiction -- specifically, that it arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs show below that the Court's apparent conclusion is incorrect and that this case is a simple contract action, which falls outside of the scope of this Court's limited jurisdiction. In short, the Court has taken jurisdiction over a case in which it neither has original nor supplemental jurisdiction. Accordingly, the Court should reconsider its decision and return the case to the Superior Court where it rightfully belongs.

## II. PROCEDURAL HISTORY

Plaintiffs brought this case in Superior Court to enforce its rights under contracts between the Defendant Health Fund, Defendant Union and Defendant Hicks. All parties were served. Thereafter, Plaintiffs filed and served an amended complaint. Defendant Hicks answered the complaint. Five days later, Defendant Health Fund removed the case under the guise that it presented a federal question. The parties briefed various matters, including the remand issue, and then asked for two consecutive stays to explore settlement. The parties were unable to settle. On October 13, 2006, the Court held a scheduling conference. During the conference all parties were present or represented through counsel, except for Ms. Sesker, and each party presented their positions on the status of the case. All parties agreed that remand was the first issue for the

Court to review. The Plaintiffs and Defendant Health Fund sought argument on the remand issue, and Plaintiffs stated that they were prepared to argue at the conference. The Court deferred on argument and, instead, issued a Minute Order denying Plaintiffs' Motion to Remand. This Motion follows.

### III. ARGUMENT

#### A. PLAINTIFFS' SATISFY THE CLEAR ERROR STANDARD OF RULE 59(e).

A Rule 59(e) motion to alter or amend the judgment should be granted by the court for either (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error or prevent a manifest injustice. *See, e.g., Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996). Here, the court committed "clear error" by improperly classifying this case as one arising under ERISA, rather than as a general contract dispute, and retaining jurisdiction over the matter where it had none.

#### B. DEFENDANT'S REMOVAL IS SUBSTANTIVELY FLAWED BECAUSE THE COURT LACKS JURISDICTION OVER THIS CASE

Defendant Health Fund sought removal to federal court solely upon its incorrect assertion that the case arises under ERISA. Under 28 U.S.C. § 1441, a defendant may remove an action brought in State Court where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. But, federal courts are courts of limited jurisdiction, and they "may exercise only those powers authorized by the Constitution and statute." *Royster-Clark Agribusiness, Inc. v. Johnson*, 391 F.Supp.2d 21, 23 (D.D.C. 2005). The party seeking removal has the burden to demonstrate that removal is warranted. *Kopff,* 298 F. Supp. 2d at 54 (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673 (1994)). Defendant Health Fund has not and cannot sustain its burden in this case.

The ERISA statute, 29 U.S.C. § 1001 et. seq., gives federal courts exclusive jurisdiction over the enforcement of its provisions. *Board of Trustees of Hotel and Restaurant Employees*

*Local 25 v. Madison Hotel*, 97 F.3d 1479, 1485-86 (D.C. Cir. 1996). But this jurisdiction is limited in Section 502(a) (civil enforcement provisions) of ERISA, which allows only "participants" or "beneficiaries" to bring suit in federal court under an ERISA plan to recover benefits due. *See* 29 U.S.C. § 1132(a)(1)(B); *Systems Council EM-3 v. AT&T Corp.*, 159 F.3d 1376, 1378 (D.C. Cir. 1999) (affirming that standing in ERISA matters is limited to named plan beneficiaries) *aff'd.* 972 F. Supp. 21, 27-28, (denying standing to individuals or entities not included under an ERISA plan).

Here, Plaintiffs have brought suit to damages as beneficiaries under non-ERISA agreements -- not as plan "participants." Indeed, because Plaintiffs are not plan "participants", and, at this stage, they lack standing under section 502(a) of ERISA to sue the Health Fund unless or until they assert an ERISA claim. *See* 29 U.S.C. § 1132(a). It is axiomatic that if Plaintiffs lack standing under ERISA, then their case cannot arise under ERISA, and, thus, Defendant Health Funds' ERISA affirmative defense is inapplicable to this case. Counsel for Defendant Hicks argued the same at the hearing, asserting that an ERISA cause of action exists only between and among Mr. Hicks as a plan "participant," the Defendant Health Fund, and possibly Defendant Union. There are no claims pending between those parties. Thus, this case is outside the realm of "federal question" jurisdiction as contemplated by ERISA and improperly before this Court.

The contract at the center of the dispute is between the Health Fund and its insurance provider, Alliance/MAMSI, under which Children's has agreed to provide Health Fund members, through its insurer, reduced rates on medical services. *See e.g.,* Dkt. Entries 15 & 26. It is undisputed that this contract is not an ERISA plan. Similarly, Children's contract with Alliance/MAMSI is not an ERISA plan. It is the reduced rates under the Alliance/MAMSI contract that the Health Fund refused to pay Children's even though there is no dispute that

Children's provided the Health Fund's member medical services under the contracts. Plaintiffs' claim is completely independent of ERISA because whether the ERISA plan exists is immaterial to Plaintiffs' remedy arising from the Health Fund and Alliance/MAMSI contract. *See DaPonte v. Manfredi Motors, Inc.*, Dkt. No. 04-5495, 2005 WL 2243638 (2d Cir. Sept. 12, 2005).

Several of Defendant Hicks's arguments made during the status conference underscore the nature of Plaintiffs' claim as a general contract claim. Counsel for Mr. Hicks (1) confirmed that Children's provided the Health Fund's member medical services, by saying that Defendant Hicks had not brought an action against the Health Fund even though he was a Health Fund participant; (2) noted that Defendant Hicks had paid the Health Fund more than $8,000.00 for it to pay Children's claim; and (3) indicated that Defendant Hicks was considering bringing an action against the Health Fund if it did not pay the claim owed to Children's. These arguments made by Defendant Hicks's counsel set the dispute apart from any potential ERISA claim, and demonstrate that it is a general contract matter rather than an ERISA claim.

Defendant Health Fund improvidently removed this matter. It simply does not arise under ERISA.[2] This court's failure to properly classify the case as a general contract matter and remand it constitutes "clear error" to warrant the grant of Children's Rule 59(e) motion to alter or amend the judgment to remand the case to the Superior Court.

## IV. CONCLUSION

For each of the foregoing reasons and the Court should reconsider its minute to the order and remand the case to Superior Court forthwith.

---

[2] If there are grounds other than ERISA, Defendant Health Fund cannot satisfy the procedural requirements for proper removal. Specifically, the time for removal expired (*See Murphy Bros. v. Michette Pipe Stringing*, 526 U.S. 344, 119 S. Ct. 1322 (1999)) and also not all parties have consented to removal. *See* 28 U.S.C. § 1446. Statements made during the Scheduling Conference demonstrate that, at least, Defendant Hicks would not consent.

Dated this 31st day of October 2006.

                    Respectfully submitted,
                    GREENBERG TRAURIG, LLP


                    /s/
                    L. Bradley Hancock (Admitted *pro hac vice*)
D.C. Bar No. 465746
1000 Louisiana Avenue, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

Kenneth P. Kaplan
D.C. Bar No. 460614
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
(202) 261-0156 (Facsimile)

**Attorneys for Plaintiffs Children's National Medical Center and Benefit Recovery Specialists, Inc.**


CERTIFICATE OF CONFERENCE

      Pursuant to Rule 7(m), LCvR, Plaintiffs state that they have conferred with counsel of record for Defendant Health Fund and that they oppose the relief sought in this Motion. Plaintiffs attempted to confer with counsel for Defendant Hicks, but had not received a return phone call from him prior to filing this motion and, therefore, cannot report his position on this motion. Plaintiffs have not conferred with Defendants Union or Sesker because they have not filed an answer or responsive pleading in this matter.


                    /s/
                    Kenneth P. Kaplan

CERTIFICATE OF SERVICE

I, Kenneth P. Kaplan, hereby certify that a true and correct copy of the foregoing document was forward to all known counsel of record on this 31st day of October 2006 via ECF and upon the following:

LOCAL 639 Defendant

R. Mark Winter, CFO/Administrative Officer
Authorized Agent for Service of Process
Local Union No. 639, Building, Inc.
d/b/a International Brotherhood of Teamsters
Local 639 and d/b/a Local 639
2100 Ames Place, NE
Washington, DC 20018
**VIA FIRST CLASS MAIL**

Defendant Sheila Sesker

Sheila Sesker
1057 Marlboro Road
Lothian, Maryland 20711
**VIA FIRST CLASS MAIL**


                    /s/
            Kenneth P. Kaplan