IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>&<br>SHELIA SESKER<br><br>Defendants. | Civil Action No. 06-0317RJL |

PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES
FOR CERTIFICATION UNDER 28 U.S.C. § 1292 (b)

Pursuant to Rule 7, LCvR, and 28 U.S.C. section 1292 (b), plaintiffs, Children's

National Medical Center and BRSI, L.P. d/b/a Benefit Recovery Specialists ("Plaintiffs")

request that the Court certify for interlocutory appeal whether its failure to remand this case to the Superior Court for the District of Columbia constitutes error.

## I. INTRODUCTION

The Court should certify this question because its minute order entry contained no analysis or explanation for its decision to deny Plaintiffs' motion for remand. Plaintiffs' motion raised an issue on a controlling question of law as to which there exists substantial ground for difference of opinion such that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Specifically, the Court has incorrectly found that it maintains federal question jurisdiction over this matter based upon the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] This matter, however, does not arise under ERISA. The Court's decision, which is inconsistent with other federal circuit courts, highlights a void in this Circuit's jurisprudence concerning ERISA preemption and requires the circuit court's immediate attention.

## II. STATEMENT OF THE CASE

Plaintiffs incorporate the Statement of the Case from its concurrently filed Motion for Reconsideration.

## III. ARGUMENT

The Court's minute order entry converts a garden-variety contract action into a federal case. In so doing, the Court has assumed jurisdiction over a matter to which neither original nor supplemental jurisdiction attaches.

---

[1] Plaintiffs' concurrently file a Motion for Reconsideration.

2

## A. Plaintiffs satisfy the standards required for certification pursuant to 28 U.S.C. § 1292(b).

Under section 1292(b), a district court may certify an interlocutory order for immediate appeal upon a finding that: (1) the order involves a controlling question of law; (2) a substantial ground exists for difference of opinion concerning the ruling; and (3) immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b); *see also Trout v. Garrett*, 891 F.2d 332, 335 n.5 (D.C. Cir. 1989). *Compare* 19-203 MOORE'S FEDERAL PRACTICE § 203.31 (stating that courts, "in practice[,]…treat the statutory criteria as a single element" despite a finding that "one or another of [the criteria are] lacking").

Certification under section 1292(b) "is reserved for truly exceptional cases." *In re Vitamins Antitrust Litigation*, No. 99-197 (TFH), 2000 WL 673936, at *1 (D.D.C. Jan. 27, 2000). The party seeking review bears the burden of demonstrating the presence of "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996). Here, Plaintiffs satisfy their 1292(b) burden because this case presents exceptional circumstances that warrant interlocutory review by the D.C. Circuit.

### 1. Whether a court maintains subject matter jurisdiction over a case or controversy constitutes a controlling question of law.

The Court's apparent determination that this matter arises under ERISA involves a controlling question of law ripe for interlocutory appeal pursuant to section 1292(b). A controlling question of law "is one that would require reversal if decided incorrectly or that could materially affect the course of the litigation with resulting savings of the

3

court's or the parties' resources." *In re Vitamins Antitrust Litigation*, 2000 WL 673936, at *2 (citing *Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072, at *3 (N.D. Ill. Nov. 19, 1996)). Whether a court maintains subject matter jurisdiction over a case constitutes a controlling question of law. *See, e.g., Ministry of Defense of the Islamic Repub. of Iran v. Gould, Inc.*, 969 F.2d 764, 768 (9th Cir. 1992) (exercising review under section 1292(b) to review determination by district court that it had subject matter jurisdiction to hear enforcement action under 9 U.S.C. § 203). Because the Court has already resolved a controlling question of law, namely that it has subject matter jurisdiction under ERISA to hear this case, Plaintiffs meet the first statutory requirement for interlocutory review under section 1292(b). *Compare In re Vitamins Antitrust Litigation*, 2000 WL 673936, at *2 (denying motion on basis that the court had not yet resolved any controlling question of law).

### 2. Plaintiffs have established that substantial grounds exist for a difference of opinion such that interlocutory review is appropriate in this case.

The Court's minute order denying Plaintiffs' motion to remand constitutes *prima facie* evidence that a difference of opinion exists warranting certification for interlocutory appeal to the D.C. Circuit. *See Hill v. Marston*, 13 F.3d 1548, 1549 n.2 (11th Cir. 1994) ("[T]he denial of a motion to remand involves a controlling question of law as to which there is substantial ground for difference of opinion.") Even if the Court were to reject this argument, differences among the circuit courts of appeal concerning ERISA jurisdiction support this Court certifying an order for interlocutory review.

This Circuit has not addressed the issues presented in this case. Even the Defendant Health Fund concedes, as it must, that there is no precedent in this Circuit

which addresses whether ERISA preempts claims brought by a health care provider against an ERISA plan. *See* Defendant Teamsters Local 639 - Employers Health Trust Fund's Memorandum in Opposition to Plaintiff's Motion to Remand (pg. 6, Document # 18). Yet, the Third and Ninth Circuits, have held that claims like plaintiffs here are not preempted by ERISA. Therefore, the Court's decision conflicts with the decisions of Circuits addressing a central issue to this case. Such circumstances cry out for D.C. Circuit review at the outset of this case and so, under Section 1292(b), the Court should certify the question.

The Third Circuit's holding in *Pascack* made clear that the hospital's claims were not preempted by ERISA because the state law claims were based on a legal duty independent of ERISA, notably the interpretation of a network provider agreement between the Union health plan and MagNet, Inc., an independent organizer of network hospitals in which Pascack Valley Hospital was a third-party beneficiary of a provider agreement. *See Pascack*, 388 F.3d at 402. The underlying facts in *Pascack* are very much like the Alliance/MAMSI Agreement at issue in this lawsuit.

The relevant facts in *Pascack* mirror the facts here in many respects. Pascack entered into a "Network Hospital Agreement" with MagNet. *Id.* at 396. MagNet organizes a network of hospitals that have agreed to accept discounted rates for medical services provided to beneficiaries of group health plans in return for the plans' promise to encourage beneficiaries to use network hospitals. *Id.* The Union health plan was one of these plans that entered into a subscriber agreement with MagNet. *Id.* In the "Subscriber Agreement," the Union health plan agreed to pay network hospitals for covered services provided to eligible persons within thirty (30) days of receipt of submitted claims. *Id.*

The Union health plan also acknowledged in the "Subscriber Agreement" an obligation to pay within this time period, otherwise the Union health plan would lose its benefit of the MagNet discounted reimbursement rate and the hospital could then bill and collect its customary rate for the services rendered. *Id.*

In 1999, Pascack provided covered medical services to Kimberly Rovetto and Betty Psaras, both of whom were eligible persons under the "Subscriber Agreement." *Id.* The hospital in *Pascack* filed suit in state court, however, when the Union health plan failed to promptly pay these claims within the thirty (30) days of receipt of the claims. *Id.* The Union health plan removed the case to Federal District Court and then moved for summary judgment asserting that the hospital's claim in *Pascack* was preempted by ERISA. *Id.* at 397. The Third Circuit reversed the District Court and held that the "Subscriber Agreement" was **not** preempted by ERISA. *Id.* at 402. As a result, the Third Circuit remanded the case to state Court based on its finding that the hospital's complaint in *Pascack* did not present a federal question and thus removal of the case was inappropriate. *Id.* at 404. In his concurring opinion in *Pascack*, Justice Alito indicated that even if there had been a valid assignment to the hospital by the participant under the ERISA plan, ERISA would still not preempt the hospital's claims.[2]

Similarly, in *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, the Ninth Circuit held that a health care provider's claim against a health care plan for breach of their provider agreements was not pre-empted. 187 F.3d 1045,

---

[2] Although Justice Alito found ample evidence to support a finding that the claims had been assigned to the hospital, he nonetheless concurred in the judgment. *Id.* at 404-05. This reasoning is consistent with *Children's Hosp. Corp. v. Kindercare Learning Center, Inc.*, where the District Court held that the Hospital could disregard its assignment claim and instead pursue its claim for breach of a service agreement. *Id.* 360 F.Supp.2d 202, 206 (D.Mass. 2005).

6

1050-52 (9th Cir. 1999). Indeed, *Blue Cross* presented a stronger case for preemption than is presented in this case because the plan participants had assigned their rights to the health care provider. Here, the plan participant has not assigned his benefits. Rather, the plaintiffs, who are not plan participants, have sued the plan under non-ERISA agreements for its failure to pay contracted rates for medical services provided to a plan participant. There is no question that under *Blue Cross* those claims would not be pre-empted. However, the Court ignored this precedent and found that Plaintiffs' claims are preempted by ERISA.

The Court's decision runs afoul of federal jurisdiction principles because the Court, in expanding ERISA federal question jurisdiction beyond its statutory bounds, has taken jurisdiction over a case in which federal jurisdiction does not apply. Also, the Court overlooks that Plaintiffs, at this stage, lack standing to bring an ERISA § 502(a) claim because they are not plan participants. These issues are of extreme importance to the disposition of this case and to ERISA jurisprudence in this Circuit. Accordingly, the Court should certify the question of whether this case was improperly removed to the D.C. Circuit for interlocutory appellate review.

### 3. Immediate appeal materially advances the ultimate termination of this case because reversal of an order denying remand terminates the action in federal court.

Section 1292(b) incorporates a "broad view of a controlling question of law as one that may advance the ultimate termination of the litigation." 19-203 MOORE'S FEDERAL PRACTICE § 203.31. Courts have deemed orders refusing to remand an action to state court as a controlling question under the statute. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991) (certifying case for interlocutory appeal after

district court denial of motion to remand). Because the process of remand divests the federal court of jurisdiction over the case and controversy, interlocutory review under section 1292(b) is not only appropriate in this case but also statutorily mandated. *See* 28 U.S.C. § 1292(b).

For the aforementioned reasons, Plaintiffs demonstrate that they meet the requirements for certification under section 1292(b).

### IV.   CONCLUSION AND PRAYER

WHEREFORE, Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc., request that the Court certify for interlocutory appeal whether its failure to remand this case to the Superior Court constitutes error. Plaintiffs additionally pray for any other and further relief to which Plaintiffs may be entitled.

Dated this 31st day of October 2006.

                              Respectfully submitted,

                              GREENBERG TRAURIG, LLP

                              By: _____/s/_____
                                  L. Bradley Hancock *(Admitted Pro Hac Vice)*
                                  District of Columbia Bar No. 465746
                                  GREENBERG TRAURIG, LLP
                                  1000 Louisiana, Suite 1800
                                  Houston, TX  77002
                                  (713) 374-3500 (Telephone)
                                  (713) 374-3505 (Facsimile)

Kenneth P. Kaplan
District of Columbia Bar No. 460614
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
(202) 261-0156 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 7(m), LCvR, Plaintiffs state that they have conferred with counsel of record for Defendant Health Fund and that they oppose the relief sought in this Motion. Plaintiffs attempted to confer with counsel for Defendant Hicks, but had not received a return phone call from him prior to filing this motion and, therefore, cannot report his position on this motion. Plaintiffs have not conferred with Defendants Union or Sesker because they have not filed an answer or responsive pleading in this matter.

/s/
Kenneth P. Kaplan

CERTIFICATE OF SERVICE

I, Kenneth P. Kaplan, hereby certify that a true and correct copy of the foregoing document was forward to all known counsel of record on this 31st day of October 2006 via ECF and upon the following:

LOCAL 639 Defendant

R. Mark Winter, CFO/Administrative Officer
Authorized Agent for Service of Process
Local Union No. 639, Building, Inc.
d/b/a International Brotherhood of Teamsters
Local 639 and d/b/a Local 639
2100 Ames Place, NE
Washington, DC 20018
**VIA FIRST CLASS MAIL**

Defendant Sheila Sesker

Sheila Sesker
1057 Marlboro Road
Lothian, Maryland 20711
**VIA FIRST CLASS MAIL**


                         /s/
                 Kenneth P. Kaplan