UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER, et. al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 06-0317RJL |
| TODD HICKS, et. al | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH
TRUST FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Pursuant to LCvR 7(b), Defendant Teamsters Local 639 – Employers Health Trust Fund ("Defendant Fund" or the "Fund"), through its undersigned counsel, hereby files this Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Reconsideration of the Court's Minute Order denying Plaintiffs' motion to remand.

**INTRODUCTION**

On October 31, 2006, Plaintiffs moved this Court for reconsideration of the Court's October 18, 2006 Minute Order denying their motion to remand. Plaintiffs seek reconsideration of the Court's order "on the grounds that it constitutes clear error." (Plaintiffs' Motion for Reconsideration of Minute Order Denying Its Motion to Remand ("Plaintiffs' Motion for Reconsideration") p.2.) But, in support of this contention, Plaintiffs summarize exactly the same arguments they asserted in their motion for remand and reply memorandum. Plaintiffs' Motion for Reconsideration should be denied.

## ARGUMENT

A court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) when there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "While the Court has discretion in ruling on a Rule 59(e) motion for reconsideration, the reconsideration of a previous order is an 'extraordinary measure' and is disfavored unless extraordinary circumstances are established." *Richardson v. Aetna U.S. Healthcare*, No. 02-1603 (RJL), 2003 U.S. Dist. LEXIS 26266, *1-2 (D.D.C. Sept. 29, 2003) (citing *Zyko v. DOD*, 180 F. Supp. 2d 89, 90-91 (D.D.C. 2001)). Thus, a motion to alter or amend a judgment "is not routinely granted[,]" and "'is not simply an opportunity to reargue facts and theories on which a court has already ruled.'" *Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (citing *New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995)).

This Court has observed that Rule 59(e) "is designed to allow courts to correct errors of fact appearing on the face of the record or errors of law," but that "the movant 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *United States v. Western Electric Co.*, 690 F. Supp. 22, 25 (D.D.C. 1988), *aff'd in part, rev'd in part on other grounds*, 900 F.2d 283 (D.C. Cir. 1990). In the context of a Rule 59(e) motion for reconsideration, "clear error should conform to a 'very exacting standard.'" *Piper v. DOJ*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) (quoting *Oneida Indian Nation of New York v. County of Oneida*, 214 F.R.D. 83, 98 (N.D.N.Y. 2003)). "District courts should [therefore] have 'a clear conviction of error' before finding a final judgment was predicated on clear error." *Id.* (citation

omitted). In short, "a final judgment must be 'dead wrong' to constitute clear error." *Id*. (citing *Parts & Electric Motors, Inc. v. Sterling Electric, Inc*., 866 F.2d 228, 233 (7th Cir. 1988)).

In their Motion for Reconsideration, Plaintiffs do not direct this Court to any change in controlling law since the Minute Order was issued, nor do they assert that new evidence has become available. Rather, the basis for Plaintiffs' Motion is the "need to correct a clear error." (Plaintiffs' Motion for Reconsideration p.2.) There was no clear error in denying the Plaintiffs' motion to remand. That decision was plainly correct under governing Supreme Court and D.C. Circuit law. The Supreme Court held in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), that federal courts have removal jurisdiction based upon complete preemption under ERISA when the plaintiff, at some point in time: (1) "could have brought" its claim under ERISA Section 502(a); and (2) there is no legal duty independent of ERISA or the plan terms implicated by the defendant's actions. 542 U.S. at 210.

This Court has recognized that a hospital has standing to sue under Section 502(a) of ERISA based upon a plan participant's assignment of rights to benefit payments. *See Psychiatric Institute of Washington, D.C., Inc. v. Connecticut General Life Ins. Co*., 780 F. Supp. 24, 30 (D.D.C. 1992). Because the Plaintiffs here could have obtained such an assignment from Plan participant Todd Hicks, Sr., the Plaintiffs "could have brought" a claim under Section 502(a) of ERISA, thus satisfying the first part of the *Davila* test. With regard to the second part of the *Davila* test, the Supreme Court said that if a particular treatment is not covered by an ERISA plan, then the proximate cause of any injuries resulting from the ERISA plan's denial of coverage is necessarily the "the failure of the plan itself to cover the requested treatment." *Davila,* 542 U.S. at 213. Therefore, a claim that the ERISA plan has improperly denied coverage will necessarily depend upon the terms of the ERISA plan, which must be interpreted and

applied by the court. *See id*. The cases upon which the Plaintiffs rely involve disputes about "how much" a plan should pay the provider, which the courts recognize might be governed by the terms of a managed care contract. The cases do not involve disputes about the "right to payment," which are necessarily governed by ERISA plan terms. *Davila*'s requirements for complete preemption are therefore satisfied in this case.

Plaintiffs may disagree with the Court's decision, but a disagreement with the Court is not a basis for reconsideration. *Zhu v. United States*, No. 04-1216 (RMC), 2006 U.S. Dist. LEXIS 660, *9 (D.D.C. Jan. 3, 2006) ("Mere disagreement does not support a Rule 59(e) motion.") (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)); *Thompson*, 2001 U.S. Dist. LEXIS 25906, at *10-11 (finding that the plaintiff's disagreement with the court does not form a proper basis for reconsideration). *See also McCoy v. Macon Water Auth., H.E.,* 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (motion for reconsideration is not "properly a forum for a party to vent his dissatisfaction with the Court's reasoning. The Court assumes that in nearly every case at least one party will deem a decision to be based on flawed reasoning. However, for a court to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and [the moving party] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'") (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

**CONCLUSION**

Based on the foregoing, Defendant Fund respectfully requests the Court to deny Plaintiffs' Motion for Reconsideration.

Date:   November 13, 2006			Respectfully submitted,


					/s/
					Donald L. Havermann (D.C. Bar No. 37774)
					Bridgit M. DePietto (D.C. Bar No. 496400)
					MORGAN, LEWIS & BOCKIUS LLP
					1111 Pennsylvania Avenue, N.W.
					Washington, D.C.  20004
					202.739.3000 (Telephone)
					202.739.3001 (Facsimile)
					dhavermann@morganlewis.com
					bdepietto@morganlewis.com

					Counsel for Defendant Teamsters Local
					639 – Employers Health Trust Fund

## **CERTIFICATE OF SERVICE**

I certify that true and correct copies of Defendant Teamsters Local 639 – Employers Health Trust Fund's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Reconsideration was filed via the Court's Electronic Case Filing system on November 13, 2006, and thereby served on counsel for Plaintiffs and counsel for Defendant Todd Hicks, Jr. The document was also served by regular mail on:

>Local Union No. 639, Building, Inc. d/b/a
International Brotherhood of Teamsters,
Local 639 and d/b/a Local 639
3100 Ames Place, N.E.
Washington, DC 20018

/s/
Bridgit M. DePietto