**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
CHILDREN'S NATIONAL MEDICAL          )
CENTER, et. al.                                  )
                                                    )
            Plaintiffs,                           )
                                                    )
      v.                                             )          No.:    06-0317RJL
                                                    )
TODD HICKS, et. al                             )
                                                    )
            Defendants.                          )
_____)

**DEFENDANT TEAMSTERS LOCAL 639 – EMPLOYERS HEALTH TRUST**
**FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**
**TO PLAINTIFFS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Pursuant to LCvR 7(b), Defendant Teamsters Local 639 – Employers Health Trust Fund

("Defendant Fund" or the "Fund"), through its undersigned counsel, hereby files this

Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Certification

under 28 U.S.C. § 1292(b).

**INTRODUCTION**

Plaintiffs ask the Court to "certify for interlocutory appeal whether its failure to remand

this case to the Superior Court for the District of Columbia constitutes error."  (Plaintiffs' Motion

for Certification p.2.)  They argue that substantial ground for disagreement exists within the

meaning of 28 U.S.C. § 1292(b) because the D.C. Circuit has not spoken on the issue of

complete preemption under ERISA.  (Plaintiffs' Motion for Certification p.4.)  They also argue

incorrectly that "the Court's decision [to deny the motion to remand] conflicts with the decisions

of Circuits addressing a central issue to this case."  (Plaintiffs' Motion for Certification p.5.)

These arguments ignore the inescapable fact that the United States Supreme Court has already

supplied the standard for determining when complete preemption under ERISA exists, *see Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), and the application of that standard confirms that this Court has jurisdiction to hear this case. Moreover, permitting piece-meal appeals when determinative Supreme Court precedent exists would hardly advance the litigation in a material way. Plaintiffs' Motion for Certification should be denied.

## ARGUMENT

The law in this Circuit is clear that certification for interlocutory review under Section 1292(b) is "meant for truly exceptional cases." *In re Vitamins Antitrust Litig.*, No. 99-0197 (TFH), 2002 U.S. Dist. LEXIS 25788, at *23 (D.D.C. Jan. 16, 2002) (citing *Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984)). At a minimum, a party seeking interlocutory review must show that: (1) the otherwise non-final order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the non-final order exists; and (3) an immediate appeal would materially advance the litigation. *See* 28 U.S.C. § 1292(b); *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986); *In re Korean Air Lines Disaster,* 935 F. Supp. 10, 11 (D.D.C. 1996). A party seeking interlocutory review has the burden of persuading the Court that the "circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996).

### I.    The Are No Substantial Grounds For A Difference Of Opinion

This Court recognizes that "the threshold for establishing the 'substantial ground' for difference of opinion with respect to a 'controlling question of law' … is a high one." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). "In demonstrating substantial grounds for a difference of opinion, the movant must do more than

'claim that the district court's ruling was incorrect.'"  *FEC v. Club for Growth, Inc*., No. 05-1851 (RMU), 2006 U.S. Dist. LEXIS 73933, at *6 (D.D.C. Oct. 10, 2006) (citing *Wausau Bus. Ins. Co. v. Turner Constr. Co*., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).  *See also First Am. Corp.*, 948 F. Supp. at 1116 ("Mere disagreement, even if vehement, with a court's ruling … does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.").

In support of their Motion for Certification, Plaintiffs boldly claim that "there is no precedent in this Circuit which addresses whether ERISA preempts claims brought by a health care provider against an ERISA Plan."  (Plaintiffs' Motion for Certification p.4-5.)  That claim is obviously an overstatement, because this Court in fact decided an ERISA conflict preemption claim in a case brought by a service provider in *Psychiatric Institute of Washington, D.C., Inc. v. Connecticut General Life Ins. Co*., 780 F. Supp. 24, 30 (D.D.C. 1992).  But, even if Plaintiffs meant to say that the D.C. Circuit has not decided an ERISA complete preemption case, the response is that the Supreme Court's decision in *Davila* furnishes the basis for resolving Plaintiff's motion to remand and for concluding that there is no substantial ground for a difference of opinion on the conflict preemption question.[1]

The Supreme Court held in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), that federal courts have removal jurisdiction based upon complete preemption under ERISA when the plaintiff, at some point in time: (1) "could have brought" its claim under ERISA Section 502(a);

---

[1]  Even in the absence of Supreme Court precedent, "the mere 'lack of authority on a disputed issue [would not] necessarily establish [a] substantial ground for a difference of opinion…."  *Keystone Tobacco Co. v. United States Tobacco Co*., 217 F.R.D. 235, 239 (D.D.C. 2003) (citing *FDIC v. First Nat'l Bank of Waukesha*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (finding that "legal issues of first impression [do not] require, or in this instance justify, certification of an interlocutory appeal")); *Flor v. Bot Fin. Corp*., 79 F.3d 281, 284 (2d Cir. 1996) ("the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion").

and (2) there is no legal duty independent of ERISA or the plan terms implicated by the

defendant's actions.  542 U.S. at 210.  As we note in our Opposition to Plaintiffs' Motion for

Reconsideration filed contemporaneously herewith, this Court has recognized that a hospital has

standing to sue under Section 502(a) of ERISA based upon a plan participant's assignment of

rights to benefit payments.  *See Psychiatric Institute of Washington, D.C.,* 780 F. Supp. at 30

(D.D.C. 1992).  Because the Plaintiffs here could have obtained such an assignment[2] from Plan

participant Todd Hicks, Sr., the Plaintiffs "could have brought" a claim under Section 502(a) of

ERISA, thus satisfying the first part of the *Davila* test.

        With regard to the second part of the *Davila* test, the Supreme Court said that if a

particular treatment is not covered by an ERISA plan, then the proximate cause of any injuries

resulting from the ERISA plan's denial of coverage is necessarily the "the failure of the plan

itself to cover the requested treatment."  *Davila,* 542 U.S. at 213.  Therefore, a claim that the

ERISA plan has improperly denied coverage will necessarily depend upon the terms of the

ERISA plan, which must be interpreted and applied by the court.  *See id*.

---

[2]  In their Original and First Amended Complaints, Plaintiffs affirmatively alleged that there was an assignment of benefit rights between Todd Hicks Sr. and Children's National Medical Center.  Defendant Hicks specifically *admitted* that he assigned his rights to benefits under the Fund to Children's National Medical Center in his Answer to Plaintiffs' Complaint filed in Superior Court.  In their Second Amended Complaint, however, Plaintiffs claim that they cannot actually find an assignment.  Because they cannot find an assignment, Plaintiffs claim they cannot bring a derivative claim under Section 502(a) of ERISA, which is authorized by *Psychiatric Institute of Washington, D.C., Inc., v. Connecticut General Life Ins. Co*., 780 F. Supp. 24, 30 (D.D.C. 1992).  And because they cannot find an assignment, and therefore allegedly cannot bring a derivative claim under Section 502(a) of ERISA, they claim that they fail to meet the test for complete preemption under *Davila*.  This Court does not need to resolve the question of whether or not Defendant Todd Hicks Sr. actually assigned his right to benefits from the Defendant Fund in order to determine whether the Plaintiffs' claims are completely preempted.  The fact is, Children's National Medical Center *could have* required Defendant Hicks to do so.  And, by doing so, Children's National Medical Center *could have* perfected its right to sue under Section 502(a) of ERISA pursuant to the *Psychiatric Institute* precedent noted above. If, notwithstanding the above, the Court decides that the existence or non-existence of an assignment is somehow determinative of the complete preemption issue (and we submit that it should not so decide), the Court should stay its decision on the instant motion pending discovery on that issue in light of the contradictory allegations regarding the existence of an assignment.

The decisions that the Plaintiffs claim are in conflict with this Court's decision on the instant motion to remand (*i.e. Pascack Valley Hosp. Inc., v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004) and *Blue Cross of California v. Anesthesia Care Assocs.*, 187 F.3d 1045 (9th Cir. 1999)) are plainly inapposite here. Those cases involve disputes about "how much" a plan should pay the provider, disputes which the courts recognize might be governed by the terms of a managed care contract. The cases do not involve disputes about the "right to payment," which are necessarily governed by ERISA plan terms.

The Third Circuit's opinion in *Pascack Valley Hosp.,* involved a lawsuit brought by a health care provider against an ERISA plan based upon a discount payment agreement between the health care provider and the ERISA plan. It did not involve the question of whether benefits had to be paid under the terms of the ERISA plan. The Third Circuit expressly acknowledged this important distinction in its opinion: "'[T]he dispute here is not over the right to payment, which might be said to depend on the patients' assignments to the [Hospital], but the amount, or level, of payment, which depends on the terms of the [Subscriber Agreement]." *Id*. at 404.

The Ninth Circuit made the exact same distinction in *Blue Cross of California v. Anesthesia Care Associates*, 187 F.3d 1045, 1051 (9th Cir. 1999) (concluding that ERISA did not preempt medical providers' claims for fees under contracts between the medical providers and an HMO that provided benefits to ERISA-covered health plans because "[t]he dispute [was] not over the right to payment, which might be said to depend on the patients' assignments to the Providers, but the amount, or level, of payment, which depends on the terms of the provider agreements.").

When ERISA was being drafted by Congress, there was no question that its sponsors intended the legislation to have an incredibly broad scope. Preemption, in fact, was said to be

the "crowning achievement" of the legislation, because with "preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulation." 120 Cong. Rec. H29197 (daily ed., 1974) (Statement of Rep. Dent.). The Plaintiffs ask the Court to ignore this legislative history and the Supreme Court precedent that rejects their arguments. They ask the Court to conclude that they have the right to access the state courts in circumstances where plan participants cannot. Effectively, they ask the Court to hold that it really does not matter if Congress intended to avoid "conflicting or inconsistent State and local regulation of employee benefit plans," s*ee* 102 Cong. Rec. 29933 (1974) (Comments of Sen. Williams); they have not been paid for their services and that fact alone entitles them to a state court remedy. The Plaintiffs are wrong. The Court should reject their request for interlocutory review. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 104 (D.D.C. 2005) (denying motion for certification under 28 U.S.C. § 1292(b) where substantial ground for difference of opinion did not exists).

## II.    An Immediate Appeal Would Not Materially Advance The Litigation

Plaintiffs' contention that certification of this Court's Minute Order for interlocutory appeal will materially advance this litigation necessarily assumes that they will prevail on appeal. This result is far from certain. Given that the Supreme Court has articulated a readily discernible and easily applicable framework for evaluating whether a claim is completely preempted by ERISA; and, given further that the Supreme Court framework dictates a conclusion that federal court jurisdiction exists on the facts of this case; an interlocutory appeal would only delay the inevitable. An appeal would cause the parties to continue to expend resources in circumstances where it is not necessary to do so. The Court should reject the Plaintiffs' entreaty to permit an interlocutory appeal and proceed to a resolution of Defendant's motion to dismiss. *See Judicial*

*Watch, Inc.*, 233 F. Supp. 2d at 24 ("'[W]hile certainly the ultimate termination of this litigation would be advanced if the Court of Appeals heard and sustained defendant's defense at this time, the court is not of the opinion that this is a likely course of events.  Therefore, the court will not invoke its discretionary authority to certify the issues decided in [its] Order to the Court of Appeals under section 1292(b).'") (quoting *U.S. ex rel Hollander* v. Clay, 420 F. Supp. 853, 859 (D.D.C. 1976)); *In re Vitamins Antitrust Litig.*, No. 99-0197 (TFH), 2002 U.S. Dist. LEXIS 25788, at *32 (D.D.C. Jan 16, 2002) (denying certification for interlocutory appeal where "[p]iecemeal appeal … would thus serve to further delay, rather than materially advance**,** the ultimate termination of this litigation.")

## CONCLUSION

Based on the foregoing, Defendant Fund respectfully requests that this Court deny Plaintiffs' Motion for Certification under 28 U.S.C. § 1292(b).

Date:   November 13, 2006                    Respectfully submitted,


                              /s/
                              _____
                              Donald L. Havermann (D.C. Bar No. 37774)
                              Bridgit M. DePietto (D.C. Bar No. 496400)
                              MORGAN, LEWIS & BOCKIUS LLP
                              1111 Pennsylvania Avenue, N.W.
                              Washington, D.C.  20004
                              202.739.3000 (Telephone)
                              202.739.3001 (Facsimile)
                              dhavermann@morganlewis.com
                              bdepietto@morganlewis.com

                              Counsel for Defendant Teamsters Local
                              639 – Employers Health Trust Fund

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Defendant Teamsters Local 639 – Employers

Health Trust Fund's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion

for Certification under 28 U.S.C. § 1292(b) was filed via the Court's Electronic Case Filing

system on November 13, 2006, and thereby served on counsel for Plaintiffs and counsel for

Defendant Todd Hicks, Jr.  The document was also served by regular mail on:

> Local Union No. 639, Building, Inc. d/b/a
> International Brotherhood of Teamsters,
> Local 639 and d/b/a Local 639
> 3100 Ames Place, N.E.
> Washington, DC 20018


_____/s/_____
Bridgit M. DePietto