IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>&<br>SHELIA SESKER<br><br>Defendants. | Civil Action No. 06-0317RJL |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO ITS
<u>MOTION FOR RECONSIDERATION</u>**

Pursuant to Rule 59(e), Fed. R. Civ. P., Plaintiffs Children's National Medical Center and BRSI, L.P. d/b/a Benefit Recovery Specialists ("Children's") file their reply to Defendant Teamsters Local 639 – Employers Health Trust Fund's Memorandum of

Points and Authorities in Opposition to Plaintiffs' Motion for Reconsideration ("Defendant's Opposition").

## ARGUMENT

As an initial matter, Children's stresses that the Court provided no basis for its October 18, 2006 Minute Order denying Children's Motion to Remand. As a result, the parties are forced to speculate about the rationale for the Court's decision. The ambiguity of the reasoning for the minute order alone demonstrates why this Court should reconsider its order. To the extent that the parties correctly guessed that the basis for the Court's decision is that Plaintiffs' claims arise under the Employment Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Court committed clear error.

Defendant's primary assertion is that the Court's October 18, 2006 Minute Order denying Children's Motion to Remand is correct under Supreme Court and D.C. Circuit law. Opp., at 3. In particular, Defendant cites to *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) and *Psychiatric Institute of Washington, D.C., Inc. v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24 (D.D.C. 1992) to support its position that this Court has federal question jurisdiction. However, those cases actually reinforce Children's position that it did not assert claims that are preempted by ERISA. Accordingly, this Court lacks jurisdiction.

Defendant contends that the *Davila* case supports its view that federal courts have removal jurisdiction based on complete preemption under ERISA if plaintiff could have brought its claim under ERISA. Opp., at 3-4. In *Davila*, the Supreme Court held that a cause of action is completely preempted by ERISA if: (1) an individual could have brought his claim under ERISA 502(a)(1)(B) and (2) there is no independent legal duty

2

implicated by a defendant's actions. *See* 542 U.S. at 210. In *Davila*, the plaintiffs were a "plan participant" and a "beneficiary" of employee benefit plans governed by ERISA. *Id.* at 211. Therefore, the *Davila* plaintiffs had standing to bring a claim under ERISA, but simply chose not to. Defendant acknowledges that a hospital may only have standing to sue under ERISA if a plan participant assigned rights to the hospital. Opp., at 3. Defendant then admits that Children's did not obtain an assignment of rights from the "plan participant" -- Mr. Hicks.[1] Thus, Defendant's reliance on *Davila* is misplaced because, as Defendant acknowledges, Children's is neither a "plan participant" nor a "beneficiary." The standard applied in *Davila* for complete preemption under ERISA is whether an individual could have brought a claim under ERISA, not, as the Defendants would like, whether an individual could have taken some action to place themselves in a position such that they could have brought an ERISA claim. Simply put, as Defendant's have now acknowledged, Children's lack of standing to bring a claim under ERISA prevents this Court from exercising federal question jurisdiction over the case.

Regarding the second part of the *Davila* test for complete preemption, *i.e.*, that there is no independent legal duty implicated by a defendant's actions, Defendant states that a "claim that the ERISA plan has improperly denied coverage will necessarily depend upon the terms if the ERISA plan, which must be interpreted and applied by the court." Opp., at 3-4. Defendant overlooks that Children's brought this suit for damages

---

[1] Defendant's admission shows that Children's lacks standing under ERISA. Defendant's alternative suggestion at page 4, footnote 2, in its Opposition to Children's Motion for Certification under 28 U.S.C. § 1292(b), that the Court permit discovery on the existence of an assignment highlights that there is a material fact in dispute. The presence of this material factual dispute, at a minimum, requires this Court to reconsider its Minute Order denying Plaintiffs' Motion to Remand and also provides ample basis to deny Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Document # 4)

as beneficiaries of non-ERISA agreements between the Health Fund and its insurance provider, Alliance/MAMSI and between Children's and Alliance/MAMSI. The fact that Children's claims are independent of any ERISA plan, plus Defendant's admission that Children's lacks standing to bring an ERISA claim, prevents this Court from asserting federal question jurisdiction.

Yet, Defendant cites *Psychiatric Institute of Washington, D.C., Inc.*, claiming that a hospital has standing to sue under ERISA based upon a plan participant's assignment of rights. *See* Opp., at 3. There, District Judge Harris held that a health care provider must be an assignee to have standing under ERISA. 780 F.Supp. at 24, 29-30. Judge Harris explained:

> Under federal common law, an assignee has the right to being the claims of his assignor. Thus, although a healthcare provider does not have independent standing to sue under ERISA, a health care provider in [plainitff's] position has derivative standing to sue as an assignee of an ERISA plan participant or beneficiary.

780 F.Supp. at 30 (citation omitted). As alleged in Children's Second Amended Complaint, and Defendant's now admit, Children's is not an assignee of an ERISA plan participant or beneficiary. Thus, under Defendant's cited authority, Children's has no standing to bring a claim under ERISA.[2] *See also, e.g., Nat'l. Rehab. Hosp. v. Manpower Int'l., Inc.*, 3 F.Supp.2d 1457, 1460 (D.D.C. 1998) (Robertson, J.) (holding state law claims for breach of contract and promissory estoppel by hospital against an ERISA plan <u>are not</u> preempted because hospital is a third party to the ERISA relationship).

---

[2] Defendant's reliance on ERISA's legislative history to support its view that the Court should deny Plaintiffs' Motion for Certification is unfounded. The legislative history of ERISA, as well as case law interpreting ERISA, clearly state that ERISA only applies to "plan participants" and "beneficiaries" and their respective assignees. *See Nat'l. Rehab*, 3 F. Supp.2d at 1460 (footnote 6 and accompanying text). As Defendant acknowledges, Children's is neither.

Moreover, Defendant's reliance on *Psychiatric Institute* is also misplaced because it addresses conflict preemption, not complete preemption. *See* 780 F.Supp. at 30. Defendant's citation to *Psychiatric Institute* shows that it has confused conflict preemption and complete preemption. "In the ERISA context, the doctrines of conflict preemption and complete preemption are important, and they are often confused." *Sunoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). The Fourth Circuit explained:

> Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws: state laws are superseded insofar as they "relate to" an ERISA plan. 29 U.S.C. 1144(a). The fact that a state law claim is "preempted" by ERISA - i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans - does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal court are those that are "completely preempted" by ERISA's civil enforcement provision, § 502(a).

*Id.* (citations omitted); *see Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004). Therefore, a case concerning conflict preemption does not govern whether a case originating in state court may be properly removed to federal court. Lastly, Defendant's reference to *Psychiatric Institute* underscores that Children's lacks standing to bring an ERISA claim and thus, the Court should remand this case.

Moreover, Defendant's assertions that cases in the Third and Ninth Circuits are not relevant is wrong. Defendant attempts to distinguish those cases by claiming that they concern the amount of payment, not the right to payment. However, this distinction does not impact the status of these cases as being precedent conflicting with the Court's minute order. In *Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004), the Third Circuit held that a hospital, which was neither a participant nor a beneficiary, did not have standing under ERISA and

that nothing in the record indicated that the hospital was an assignee of a participant or beneficiary. The Third Court concluded that the hospital's state law claims were not completely preempted by ERISA. *Pasack Valley Hosp., Inc.*, 388 F.3d at 400-02. In *Blue Cross of California v. Anesthesia Care Assocs.*, 187 F.3d 1045, 1051 (9th Cir. 1999), the Ninth Circuit held that the right to payment may depend on the patients' assignments. Children's is not an assignee of the participant, and therefore, as Defendant admits, has no standing to sue under ERISA. Therefore, Children's claims are not completely preempted by ERISA and the case should be remanded to the Superior Court.

Contrary to Defendant's view, Children's is not simply disagreeing with the Court's decision. Rather, Children's has demonstrated that the ERISA statute and relevant precedent require the Court to remand the case to the Superior Court. The Court's failure to remand constitutes clear error justifying the grant of Plaintiffs' Motion for Reconsideration.

## CONCLUSION AND PRAYER

WHEREFORE, for the reasons presented in this Reply and in Plaintiffs' Motion for Reconsideration, Children's National Medical Center and Benefit Recovery Specialists, Inc. request that the Court reconsider its minute order and remand the case to Superior Court forthwith.

Dated this 20th day of November 2006.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____/s/_____
L. Bradley Hancock *(Admitted Pro Hac Vice)*
District of Columbia Bar No. 465746
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

Kenneth P. Kaplan
District of Columbia Bar No. 460614
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3191 (Telephone)
(202) 261-0156 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.**

## CERTIFICATE OF SERVICE

     I, Kenneth P. Kaplan, hereby certify that a true and correct copy of the foregoing document was forward to all known counsel of record on this 20th day of November 2006 via ECF and upon the following:

<u>LOCAL 639 Defendant</u>

R. Mark Winter, CFO/Administrative Officer
Authorized Agent for Service of Process
Local Union No. 639, Building, Inc.
d/b/a International Brotherhood of Teamsters
Local 639 and d/b/a Local 639
2100 Ames Place, NE
Washington, DC 20018
**VIA FIRST CLASS MAIL**

<u>Defendant Sheila Sesker</u>

Sheila Sesker
1057 Marlboro Road
Lothian, Maryland 20711
**VIA FIRST CLASS MAIL**

                                               /s/
                                     Kenneth P. Kaplan