IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S NATIONAL MEDICAL CENTER<br><br>&<br><br>BRSI, L.P. d/b/a BENEFIT RECOVERY SPECIALISTS<br><br>Plaintiffs,<br><br>v.<br><br>TODD HICKS, INDIVIDUALLY, AND ON BEHALF OF TODD HICKS, JR., DECEASED<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 639 and d/b/a LOCAL 639<br><br>&<br><br>LOCAL UNION NO. 639, BUILDING, INC. d/b/a INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 639 d/b/a Local 639 - Employer's Health Trust Fund<br><br>&<br>SHELIA SESKER<br><br>Defendants. | Civil Action No. 06-0317RJL |

**PLAINTIFFS' REPLY CONCERNING THEIR MOTION
FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)**

Pursuant to LCvR 7 and 26 U.S.C. § 1292(b), plaintiffs Children's National Medical Center and BRSI, L.P. d/b/a Benefit Recovery Specialists ("Children's") file their reply to Defendant Teamsters Local 639 – Employers Health Trust Fund's

Memorandum of Points and Authorities in Opposition to Children's Motion for Certification under 28 U.S.C. § 1292(b) ("Defendant's Opposition").

## INTRODUCTION

Defendant's Opposition fails to present any basis to deny Children's request for certification. Defendant does not assert that the order at issue does not involve a controlling question of law. Rather, Defendant attacks Children's request on unfounded bases. Specifically, Defendant incorrectly contends that there are no substantial grounds for a difference of opinion concerning the ruling. *See* Opp., at 2-6. Defendant also wrongly asserts that an immediate appeal would not materially advance the disposition of the litigation. *See* Opp., at 6-7. The Court should grant Children's request for Certification.[1]

## ARGUMENT

Defendant brushes aside the arguments in Children's Motion and avers that a Supreme Court case, *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), is clear precedent consistent with this Court's Minute Order dated October 18, 2006, denying Children's Motion to Remand. This averment is anchored by pure speculation because the Minute Order provides no analysis to explain the Court's decision. Even if Defendant's speculation concerning the Minute Order is correct, neither *Davila* nor other cases cited by Defendant support the position that this Court has federal question jurisdiction over this matter.

The Court has taken jurisdiction over a case which does not fall within the narrow scope of federal court jurisdiction. Contrary to the Defendant's view and the apparent

---

[1] If the Court reconsiders and reverses its decision and remands the case back to the Superior Court, then Children's will withdraw its Motion For Certification.

2

view of the Court, this case does not arise under the Employment Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because Defendant admits that Children's has no standing to bring a claim under ERISA. Defendant acknowledges that Children's has no standing to bring an ERISA claim in its Opposition, but then suggests that because Children's "could have" standing to bring an ERISA claim that the case falls under ERISA. *See* Opp., at 3-4. Obviously, the fact that a party "could have" a right does not mean that they have Article III standing and, more importantly, Children's is unaware of any standing test that confers standing upon a party that "could have" a claim. Thus, because Defendant admits that Children's does not have an ERISA claim, and instead relies on the contracts between Children's and Defendant, Defendant's reliance on cases in which a plaintiff had standing to file a claim under ERISA is misplaced.

Nevertheless, Defendant reverses course from its Opposition to Plaintiffs' Motion to Remand, at 6, and argues that there is precedent in the D.C. Circuit that addresses whether ERISA preempts claims brought by a health care provider against an ERISA plan. However, the only case cited by Defendant, *Psychiatric Institute of Washington, D.C., Inc. v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24 (D.D.C. 1992), is inapposite because it held that a health care provider <u>must be</u> an assignee to have standing under ERISA and the case concerned conflict preemption, not complete preemption. In *Psychiatric Institute of Washington, D.C., Inc.*, the court explained:

> Under federal common law, an assignee has the right to bring the claims of his assignor. Thus, although a healthcare provider does not have independent standing to sue under ERISA, a health care provider in [plainitff's] position has derivative standing to sue as an assignee of an ERISA plan participant or beneficiary.

3

780 F.Supp. at 30 (citation omitted). As alleged in Children's Second Amended Complaint, Children's is not an assignee of an ERISA plan participant or beneficiary. Thus, Defendant acknowledges that Children's has no standing to bring a claim under ERISA.[2] *See also, e.g., Nat'l. Rehab. Hosp. v. Manpower Int'l., Inc.*, 3 F.Supp.2d 1457, 1460 (D.D.C. 1998) (Robertson, J.) (holding state law claims for breach of contract and promissory estoppel by hospital against an ERISA plan <u>are not</u> preempted because hospital is a third party to the ERISA relationship).

It is axiomatic that if Children's lacks standing under ERISA, then its case cannot arise under ERISA and, so, it is improperly before this Court.[3]

Defendant confuses conflict preemption and complete preemption. *See* Opp. at 3. "In the ERISA context, the doctrines of conflict preemption and complete preemption are important, and they are often confused." *Sunoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). The Fourth Circuit explained:

> Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws: state laws are superseded insofar as they "relate to" an ERISA plan. 29 U.S.C. 1144(a). The fact that a state law claim is "preempted" by ERISA - i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans - does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal court are those that are "completely preempted" by ERISA's civil enforcement provision, § 502(a).

---

[2] Defendant's reliance on ERISA's legislative history to support its view that the Court should deny Plaintiffs' Motion for Certification is unfounded. The legislative history of ERISA, as well as case law interpreting ERISA, clearly state that ERISA only protects "plan participants" and "beneficiaries" and their respective assignees. Children's is neither.

[3] Section 502(a) of ERISA limits standing to those individuals who are "participants" or "beneficiaries" under an ERISA plan to recover benefits due him or her under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). *See Systems Council EM-3 v. AT&T Corp.*, 159 F.3d 1376, 1378 (D.C. Cir. 1999) (affirming that standing in ERISA matters is limited to named plan beneficiaries) *aff'd.* 972 F. Supp. 21, 27-28, (denying standing to individuals or entities not included under an ERISA plan).

*Id.* (citations omitted); *see Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004). Therefore, a case concerning conflict preemption is not relevant to whether a simple breach of contract case unrelated to ERISA originating in state court may be properly removed to federal court.

Defendant primarily relies on the *Davila* case to support its view that federal courts have removal jurisdiction based on complete preemption under ERISA if Children's could have brought its claim under ERISA. In *Davila*, the Supreme Court held that a cause of action is completely preempted by ERISA if: (1) an individual could have brought his claim under ERISA § 502(a)(1)(B) and (2) there is no independent legal duty implicated by a defendant's actions. *See* 542 U.S. at 210. In *Davila*, the plaintiffs were a plan participant and a beneficiary of employee benefit plans governed by ERISA. *Id.* at 211. Therefore, the *Davila* plaintiffs had standing to bring a claim under ERISA, but simply chose not to bring such a claim. Defendant acknowledges that a hospital may only have standing to sue under ERISA if a plan participant assigned rights to the hospital. Opp., at 4. Defendant then argues that although Children's maintains that it did not obtain an assignment of rights from a plan participant, it could have obtained such an assignment.[4] *Id.* Defendant misinterprets the *Davila* holding. The standard applied in *Davila* for complete preemption under ERISA is whether the individual's claim is based on ERISA. In contrast, the Defendant here is trying to stretch *Davila* to include a

---

[4] Defendant's argument that Children's "could have" obtained an assignment from the "plan participant" confirms that Children's lacks standing under ERISA. Defendant's alternative suggestion that the Court permit discovery on the existence of an assignment highlights that there is a material fact in dispute. *See* Opp., at 4 n.2. The presence of this material factual dispute, at a minimum, requires this Court to reconsider its Minute Order denying Plaintiffs' Motion to Remand and also provides ample basis to deny Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Document # 4)

5

hypothetical situation where an individual "could have" taken some action to place themselves in a position such that they could have brought an ERISA claim. This Court should not accept Defendant's invitation to extend ERISA standing beyond the bounds of what the law requires, and, if inclined to do so should let the Court of Appeals resolve this prudential issue of first impression in the Circuit.

Regarding the second part of the *Davila* test for complete preemption, *i.e.*, that there is no independent legal duty implicated by a defendant's actions, Defendant states that a "claim that the ERISA plan has improperly denied coverage will necessarily depend upon the terms if the ERISA plan, which must be interpreted and applied by the court." Opp., at 3-4. Defendant overlooks that Children's brought this suit for damages as beneficiaries of non-ERISA agreements between the Health Fund and its insurance provider, Alliance/MAMSI, and between Children's and Alliance/MAMSI. The fact that Children's claims are independent of any ERISA plan, plus Children's lack of standing to bring an ERISA claim, prevents this Court from asserting federal question jurisdiction over this case.

Children's asserted in its Motion for Certification that the Third and Ninth Circuits have issued decisions that conflict with this Court's Minute Order which implicitly holds that Children's claims are preempted by ERISA. *See Pasack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement* Plan, 388 F.3d 393 (3d Cir. 2004) and *Blue Cross of California v. Anesthesia Care Assocs.*, 187 F.3d 1045 (9th Cir. 1999). Defendant attempts to distinguish those cases by claiming that they concern the amount of payment, not the right to payment. However, this distinction does not impact the status of these cases as being precedent conflicting with the Court's Minute Order.

First, in *Pasack Valley Hosp., Inc.*, the Third Circuit held that a hospital, which was neither a participant nor a beneficiary, did not have standing under ERISA and that nothing in the record indicated that the hospital was an assignee of a participant or beneficiary. The Third Circuit concluded that the hospital's state law claims were not completely preempted by ERISA. *Pasack Valley Hosp., Inc.*, 388 F.3d at 400-02. Like the plaintiff in *Pasack Valley Hosp., Inc.*, Children's is not an assignee of the participant, and as such, has no standing to sue under ERISA. Therefore, Children's claims are not completely preempted by ERISA and the case should be remanded to the Superior Court for the District of Columbia. Second, *Blue Cross of California* is relevant to the instant case because it held that the right to payment may depend on the patients' assignments. *See* 187 F.3d at 1051. Absent a participant or beneficiary's assignment of a right to payment to a hospital, a hospital lacks standing to file a claim under ERISA, and ERISA does not completely preempt the hospital's claims. Thus, *Blue Cross of California* is consistent with Children's position that ERISA does not completely preempt its claims.

Finally, Defendant's primary basis for stating that certification of the Minute Order for interlocutory appeal will not materially advance the litigation is its reliance on *Davila*. As explained above, *Davila* does not support the Court's decision to deny Children's Motion to Remand, and instead supports Children's position that a hospital must be an assignee of rights from a participant to have standing to file claim under ERISA. Unless the Court reconsiders and reverses its Minute Order, then this case would proceed in this Court despite it lacking jurisdiction. Accordingly, to avoid such clear error and the likely result of duplicate litigation, the Court should certify the question to the United States Court of Appeals for interlocutory appeal.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons presented in this Reply and in Children's Motion for Certification, Plaintiffs, Children's National Medical Center and Benefit Recovery Specialists, Inc., request that the Court certify for interlocutory appeal whether its failure to remand this case to the Superior Court constitutes error. Plaintiffs additionally request any other and further relief to which Plaintiffs may be justly entitled.

Dated this 20th day of November 2006.

                Respectfully submitted,

                GREENBERG TRAURIG, LLP

                By: _____/s/_____
                L. Bradley Hancock *(Admitted Pro Hac Vice)*
                District of Columbia Bar No. 465746
                GREENBERG TRAURIG, LLP
                1000 Louisiana, Suite 1800
                Houston, TX 77002
                (713) 374-3500 (Telephone)
                (713) 374-3505 (Facsimile)

                Kenneth P. Kaplan
                District of Columbia Bar No. 460614
                GREENBERG TRAURIG, LLP
                800 Connecticut Avenue, NW, Suite 500
                Washington, DC 20006
                (202) 331-3191 (Telephone)
                (202) 261-0156 (Facsimile)

                **ATTORNEYS FOR PLAINTIFFS CHILDREN'S NATIONAL MEDICAL CENTER AND BENEFIT RECOVERY SPECIALISTS, INC.**

## CERTIFICATE OF SERVICE

I, Kenneth P. Kaplan, hereby certify that a true and correct copy of the foregoing document was forward to all known counsel of record on this 20th day of November 2006 via ECF and upon the following:

LOCAL 639 Defendant

R. Mark Winter, CFO/Administrative Officer
Authorized Agent for Service of Process
Local Union No. 639, Building, Inc.
d/b/a International Brotherhood of Teamsters
Local 639 and d/b/a Local 639
2100 Ames Place, NE
Washington, DC 20018
**VIA FIRST CLASS MAIL**

Defendant Sheila Sesker

Sheila Sesker
1057 Marlboro Road
Lothian, Maryland 20711
**VIA FIRST CLASS MAIL**

/s/
Kenneth P. Kaplan